SCOTT v. HOE et al.

(Circuit Court of Appeals, Third Circuit. December 2, 1895.)

No. 27.

PATENTS—CONSTRUCTION OF CLAIMS—VALIDITY—FOLDING MACHINE.

Claims 1, 2, 3, 8, 9, 17, and 29 of the Crowell patent No. 331,280, for improvements in machines for folding paper and other materials, cannot be construed as covering a process. They are for mechanism for producing a folding operation, and there was nothing in the prior art anticipat-

ing them, or imposing any limitations not prescribed by the plain meaning of their terms. *Held*, therefore, that they were infringed by a machine, differing somewhat in details, but accomplishing the same end in substantially the same way and by substantially the same means. 65 Fed. 606, affirmed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

This was a suit in equity by Robert Hoe and others against Walter Scott for alleged infringement of letters patent No. 331,280, granted December 1, 1885, to R. Hoe & Co., assignees of Luther C. Crowell, for improvements in machines for folding paper and other materials. The circuit court rendered a decree for complainants. See 65 Fed. 606, where the facts are fully stated in the opinion of Acheson, circuit judge. Defendant appeals.

B. F. Lee, for appellant.

M. B. Phillips and Samuel A. Duncan, for appellees.

Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

DALLAS, Circuit Judge. The 32 errors alleged in this case, are, in appellant's brief, resolved into the following propositions:

"(1) Without reference to the state of the art as disclosed by the proofs, the machine constructed by the defendant at Plainfield, New Jersey, for the Montreal Star newspaper, differs so materially from what is described in the specification and drawings of the Crowell patent, No. 331,280, that there can be no infringement of any of the seven claims in controversy.

"(2) In view of the state of the art, as it existed at the date of the complainants' invention, the patent in suit, No. 331,280, cannot be so construed as to bring the defendant's machine within the scope of any of the seven claims in controversy.

"(3) Each of the seven claims in controversy is void for want of invention.

"(4) If the claims said to be infringed cover a process, then there is plainly no infringement. The machine built by defendant at Plainfield, New Jersey, was sold to the Montreal Star, a newspaper published in Montreal, Canada, in which city alone it was used and operated.

"(5) The alleged invention or discovery of the patent in suit was in public use and on sale for more than two years prior to the application therefor."

The first three of these propositions embody the defenses most seriously relied on. Those defenses were fully considered by the circuit court, and the able and earnest argument of the appellant's counsel has failed to convince us that the learned judge of that court erred as to either of them. Both as to the validity of the claims involved and upon the question of infringement, our independent examination of the testimony and exhibits has brought us to the conclusion which was reached by him. We are all of opinion that anticipation has not been established, and that nothing has been shown to call for the imposition of any limitation upon the claims in suit which is not prescribed by the plain meaning of their terms. The appellant's machine is not, it is true, in every detail identical with that of the patent, but in all material respects it is the same. In substantially the same way, and by substantially the same means, it accomplished the same end. That it constitutes an infringement we have no doubt.

The fourth of appellant's propositions is based upon the suggestion that the claims sued on might be held to be for a process, and not for mechanism; but their language cannot be so understood, and there is nothing elsewhere in the patent, or in the evidence, to give color to such a construction of them.  If there had been room for question as to their meaning in this respect, the solution of that question would have been for the court; but the court below had no doubt about it, nor have we.  The patent is, as it purports to be, for "improvements in folding machines," and for nothing else.  The hypothesis upon which this proposition is founded being inadmissible, it of course cannot be sustained.

The fifth proposition has not been very strenuously insisted upon. It is but briefly elucidated in the appellant's printed argument, and, as there explained, it seems to rest upon the suggestion which we have just disposed of, or to involve the assumption of anticipation, as to which we have already expressed our opinion.

Upon the questions of fact presented it would be profitless to enlarge.  It is sufficient to say that we concur in the opinion of the circuit court, and its decree is therefore affirmed.