HOE et al. v. SCOTT.[1]

(Circuit Court, D. New Jersey. March 19, 1898.)

1. MASTERS IN CHANCERY—DUTIES AND POWERS—REVIEW BY COURT.

When a cause is referred to a master to take an account of profits or damages, it is his duty to pass upon all the questions of procedure arising before him. His action is subject to review only when he has completed his labors, and filed his report; and the court will not, in the meantime, on the application of a party, give him directions not to take evidence in relation to a particular matter.

2. PATENT SUITS—PROFITS AND DAMAGES—MASTER'S REPORT.

Profits and damages should be computed by the master as nearly as may be to the time of filing his report. If defendant has changed his machine so as to differ from that decreed by the court to infringe, the master must, in the first instance, determine whether the new form is also an infringement; but he is bound by the terms of the decree, and is, therefore, limited to the inquiry whether the new machines are substantially similar to the ones adjudged to infringe.

B. F. Lee and Wm. H. L. Lee, for the motion.
H. M. Phelps, opposed.

KIRKPATRICK, District Judge. Upon a final hearing in this cause the defendant was adjudged to have infringed the complainants' patent, and an interlocutory decree was entered referring it to a master to ascertain and take and settle the account of the gains and profits, and to assess the damages, and to report thereon. See 65 Fed. 606, and 17 C. C. A. 410, 70 Fed. 781. The complainants are undertaking to prove the number of infringing machines made and sold by the defendant, and the amount of profits realized by defendant by the use of infringing devices. In the progress of the investigation the inquiry is sought to be extended to the manufacture of machines containing, as the complainants insist, their patented devices which have been adjudicated to be valid, and infringed by the defendant, but which the defendant claims are not within the decision of the court. The application now is that the court shall give its directions to the master to refuse to take evidence concerning any machines which the defendant may claim to be noninfringing machines until the court has had the opportunity to determine the question whether they be infringers or not. This does not seem to me to be in accordance with precedent or proper practice. The court appoints the master with special reference to his fitness to perform the duties imposed upon him. He is the court's representative, and it is his duty to pass upon all the questions of procedure as they come before him. His action is subject to review of the court, but it must be only when he has concluded his labors, and the court has before it all the data upon which his conclusions are founded. The duty of the master is to hear the parties fully, "directing the mode in which the matters requiring evidence shall be proved before him," as provided for in the seventy-seventh rule in equity. It is necessary that he should be given the power to avoid delays and confusion, and to relieve the court of the necessity of passing upon the materiality of every disputed question as it may arise in the progress of the hearing. Errors made by the

[1] For copy of order entered May 20, 1898, see 87 Fed. 1007.

master can be corrected upon the coming in of his report upon exceptions properly taken.

There cannot be any question that the beginning of the suit should not be the limit of time within which damages may be recovered for the use of the patented device. They should be computed to the time, as nearly as may be, of the coming in of the master's report; and the account should embrace not only the damages sustained by infringing machines made before the institution of the suit, but also those made afterwards, though the construction be different. Rubber Co. v. Goodyear, 9 Wall. 788; Edison Electric Light Co. v. Westinghouse Electric & Manufacturing Co., 54 Fed. 504. Whether the particular machines of the defendant in this case embody any of the claims of the complainants' patent adjudged to be infringed by defendant is properly a question to be determined in the first instance by the master. As to the defendant's responsibility to answer in damages for the use of machines covered by or substantially like those adjudicated upon, the master is bound by the decree, and is not at liberty to take testimony or exercise his judgment; but, "if there is something claimed to be an infringement, which had not been passed upon by the decree, then the question concerning that would be open before the master to be passed upon by him." Wooster v. Thornton, 26 Fed. 274. He cannot review the decree, and inquire into the prior state of the art. The master in this case is limited in his inquiry as to whether the defendant's machines are substantially similar to those adjudged by the court to be an infringement of the complainants' patent. Upon this question of fact he should hear both the parties fully, and report his findings to the court. Upon the coming in of the report the parties can file their exceptions founded upon previous objections, and have the court pass upon their validity. It would be productive of interminable delay and much vexation if all the disputed questions upon a hearing before the master should, as they arise, be brought before the court for revision and approval. "The court may, but rarely will, interfere with the master's rulings before his report is brought before it for review." Fost. Fed. Prac. § 313. Reference to the court as each question arises is improper. Rob. Pat. § 1157; Sugar Refinery v. Mathiesson, 24 Fed. Cas. 682. The motion to strike out the testimony will not be allowed, and all matters pertaining to the merits will be deferred until the coming in of the master's report.