## Case No. 13,765.

### TATHAM et al. v. LOWBER et al.

[4 Blatchf. 86.] [1]

Circuit Court, S. D. New York. Sept. 14, 1857. [2]

PATENTS—ACCOUNTING— PROFITS—APPORTIONING LIABILITY—INTEREST.

1. In a patent suit, in equity, the proper practice is, in taking an account of profits before a master, to take it down to the time of the hearing before the master, if the infringement continues to that period.

[Cited in Morss v. Knapp, 35 Fed. 219; Untermeyer v. Freund, 7 C. C. A. 183, 58 Fed. 212.]

2. Where the defendants have not all of them been jointly concerned in the infringement, for the whole time covered by the account, their several liability must be apportioned, in making up the decree.

3. The mode of arriving at such profits, under a patent for machinery for the manufacture of lead pipe.

4. Interest allowed on such profits to the date of the master's report.

This was a hearing on exceptions to the report of a master as to the amount recoverable by the plaintiffs in a suit in equity [by Benjamin Tatham and others against Robert W. Lowber and others] for the infringement of letters patent for machinery for the manufacture of lead pipe.

[For the opinion in the motion for preliminary injunction, see Case No. 13,764.]

George C. Goddard, for plaintiffs.
William Curtis Noyes, for defendants.

NELSON, Circuit Justice. The first objection to the report is, that an account of the profits of the defendants, as damages, has been taken for a period subsequent to the time of the filing of the bill, whereas it is claimed that it should have been limited to the time of the commencement of the suit. The objection is not well taken. The practice in such cases, in equity, is to take the account down to the time of the hearing before the master, if the infringement continues to that period, thereby preventing the

necessity and expense of a new suit; and I can perceive no well-founded objection to this practice. The right as between the parties to the litigation, in respect to the use of the patent, has been determined, leaving in dispute no question but the damages. If a second suit were brought, the decree in the first would be conclusive of the right, and the only question open would be that of damages; and, as to that question, the same defence may be made on taking the account for a time subsequent to the commencement of the suit, which could be made in case a new suit were instituted. It is common, in the case of a bill filed for an infringement, and a motion made for a preliminary injunction, where the question of infringement is not manifest, and enjoining the defendant would produce serious hardship or derangement of his business, to withhold the injunction on the defendant's keeping an account, or giving security for the damages accruing, which assumes the right of the plaintiff to recover damages for the alleged infringement subsequently to the commencement of the suit.

Another objection is, that the account should have been taken for the time during which all the defendants were jointly concerned in the infringement. A portion of the account taken accrued after Lowber left the concern, and that portion has been reported against the remaining parties, Leroy and Smith. I perceive no difficulty in the case, as the liability of the defendants may be apportioned in making up the decree. No decree should be entered against Lowber for profits which accrued after he withdrew from the concern.

The master arrived at the profits by taking the difference between the average price of pig-lead during the period covered by the accounting and the average price of lead-pipe during the same period, such difference being the value added to the lead by its manufacture into pipe. From that difference he deducted the cost of manufacturing the lead into the pipe, and the remainder he called the profits made by the defendants upon the manufacture, and to the sum thus ascertained he added interest to the date of his report. I concur with the report of the master as to the extent of the profits, and I think that the interest was properly chargeable.

Exceptions overruled.

[NOTE. The decree entered was for $16.815.-57, with interest to the date of the master's report, making an aggregate of $27.133.34. An appeal from the decree was taken by the defendants to the supreme court. The decree was affirmed, except as to the amount of the recovery, which was limited to the amount of the decree without interest. This reverses the opinion above. 22 How. (63 U. S.) 132. For the cases at law, see Case No. 13,762, and note.]

---

[2] [From Betts' Scr. Bk. 118.]
[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Reversed in 22 How. (63 U. S.) 132.]