### MORSS v. KNAPP et al.

*(Circuit Court, D. Connecticut. June 9, 1888.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—ACTION AT LAW AFTER DECREE FOR INJUNCTION AND ACCOUNTING.

After complainant in a suit for infringement has obtained a decree for perpetual injunction and account of damages and profits, and the accounting has commenced and is pending, he cannot, without leave of court, proceed at law for infringements committed since the decree.

In Equity. On motion for restraining order.
*John K. Beach*, for the motion.
*Wm. A. Wright* and *Chas. F. Perkins*, contra.

SHIPMAN, J. This is a motion by the defendants in the above-entitled bill in equity to restrain the plaintiff therein from the further prosecution of a suit at law against the defendants. In November, 1886, the

plaintiff brought in this court a bill in equity against the defendants, praying for an injunction against the infringement of letters patent No. 233,240. and for an account. An interlocutory decree in favor of the plaintiff, in which a perpetual injunction against said infringement, and an accounting of damages and profits was ordered, was filed April 26, 1888. The accounting has commenced, and is now pending. On May 29, 1888, the plaintiff brought an action at law against the defendants to recover damages for the infringement of the same patent from April 26, 1888, to May 28, 1888, the damages being laid at $5,000, and attached the property of the defendants in said suit. The defendants now file a motion in the equity suit to restrain the plaintiff from the prosecution of said action at law. The action was brought upon the ground that it was not feasible for the plaintiff to have an accounting for infringements which have been committed since the decree, and if it was, that the defendant's property is inadequate to pay the judgment that will be rendered.

The supreme court has said that, in taking the account, the master is not limited to the date of the decree, but in such cases "it is proper to extend the account down to the time of hearing before him, unless the infringement ceased prior to that date." It is further said that "the practice saves a multiplicity of suits, time, and expense." *Rubber Co* v. *Goodyear*, 9 Wall. 788. *Tatham* v. *Lowber*, 4 Blatchf. 86, is to the same effect, and I had supposed that such was the practice. The law upon the subject of injunctions, in pending bills in equity for an account, to restrain suits at law subsequently brought for the same matter, is that, after the plaintiff has obtained a decree to account, and the proceedings upon said accounting are pending, the plaintiff is not permitted to proceed at law for the same matter, without leave of the court. *Mocher* v. *Reed*, 1 Ball & B. 318; *Bell* v. *O'Reilly*, 2 Schoales & L. 430; *Wedderburn* v. *Wedderburn*, 2 Beav. 208; *Phelps* v. *Prothero*, 7 De Gex, M. & G. 722; Kerr, Inj. 104; 2 Story, Eq. Jur. § 889. If the bill in equity is pending, the party can obtain an injunction by motion filed in that suit; otherwise, when the decree has been fully executed. *Ford* v. *Compton*, 1 Cox, 296; *Wedderburn* v. *Wedderburn*, *supra;* *Harrison* v. *Gurney*, 2 Jac. & W. 563; 3 Daniell, Ch. Pr. 1720. In this case the plaintiff can have an accounting, if he desires, before the master, for the infringements since the date of the decree, and can have an attachment for contempt, if the infringements are obvious. And, without knowing more of the reasons which induced him to bring an action at law, I think that he should have confined himself to his remedy in equity; but the reasons may be adequate.

The motion is granted, without prejudice to any special application which may be made by the plaintiff to bring an action at law upon a statement of the circumstances which he thinks justify such proceeding.