EDISON ELECTRIC LIGHT CO. et al. v. WESTINGHOUSE ELECTRIC & MANUF"G CO. et al.

(Circuit Court, W. D. Pennsylvania. February 23, 1893.)

No. 6.

PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION—PROCEDURE.

By a preliminary injunction the defendants were restrained, pendente lite, from infringing the second claim of the patent in suit, and specifically from manufacturing incandescent electric lamps like "Exhibits 1, 2, and 3," which the courts of another circuit had held to infringe the claim. *Held,* that the court would not, at the instance of the defendants, against the objection of the plaintiff, undertake in a summary way to pass upon the question whether a new structurally differing lamp, devised by the defendants, and by them put on the market since the injunction, is an infringement, but that, unless the plaintiff moved for an attachment for a violation of the injunction, the decision of the question must await the final hearing.

In Equity. Suit by the Edison Electric Light Company and others against the Westinghouse Electric & Manufacturing Company and others. On motion to discharge defendants' rule to show cause. Motion granted.

Grosvenor P. Lowry, R. N. Dyer, and Knox & Reed, for the motion. George H. Christy and Kerr & Curtis, opposed.

ACHESON, Circuit Judge. The preliminary injunction issued in this case on December 27, 1892, restrains the defendants, pendente lite, from infringing the second claim of the letters patent in suit, No. 223,898, granted to Thomas A. Edison January 27, 1880, and particularly from making, using, or selling incandescent electric lamps of the kind described in the plaintiff's moving papers, designated "Exhibits Nos. 1, 2, and 3," and shown to be the same as lamps which had been adjudged to infringe the second claim of said patent, and the manufacture and sale of which were enjoined by the United States circuit court for the southern district of New York and the United States circuit court of appeals for the second circuit in the suits of Edison Electric Light Co. v. United States Electric Lighting Co., 47 Fed Rep. 454, and 52 Fed. Rep. 300, 3 C. C. A. 83, and Edison Electric Light Co. v. Sawyer-Man Electric Co., 53 Fed. Rep. 592. In view of the decisions of the courts of the second circuit above cited, our order for a preliminary injunction was made, the defendants, indeed, not resisting the granting of the same. But on February 1, 1893, the defendants presented to the court an affidavit setting forth that shortly after the allowance of the injunction they completed arrangements (contemplated and in progress before) for the manufacture and sale of "a stopper lamp," which, they had been advised by counsel, was entirely outside the scope of the claims

of the patent in suit, and that, acting under advice of counsel, they had put such lamps upon the market about the middle of the preceding January, and that at the same time they furnished to the plaintiffs' counsel specimens of the lamp, with information of what they had done; and that they had been notified by the plaintiffs' counsel that they regarded the new lamps as an infringement and a violation of the injunction. Thereupon the defendants obtained a rule upon the plaintiffs to show cause why the injunction should not be so construed, or, if need be, restated, as to leave the defendants free to make, use, and sell these stopper lamps. The plaintiff has moved the court to revoke this rule, and we have heard the counsel of both parties upon the motion. And now, upon reflection, we are of opinion that the plaintiffs' motion should be sustained, for reasons which we will briefly express.

While we are quite prepared to accept the defendants' course in taking this rule as evidence of their good faith to the court, and as indicating a purpose to avoid even the appearance of any willful disobedience to our writ of injunction, yet, under all the circumstances, we think it would be going too far, at their instance and in this summary way, to enter upon the consideration of the question whether the lamp now submitted to us infringes the patent in suit. This lamp was not before the courts of the second circuit, and the question of infringement involved in this rule is entirely new. Undoubtedly there is a marked difference of structure between this stopper lamp and lamps such as Exhibits Nos. 1, 2, and 3, which we have specifically enjoined, but enough appears to satisfy us that the question of infringement cannot be determined safely upon a mere inspection of the lamp. No investigation would be complete without the aid of expert testimony and evidence touching the art of electric lighting in its earlier stages. But ex parte affidavits upon these subjects (and this rule contemplates nothing more) would be most unsatisfactory. Moreover, should the rule go to hearing on the merits, the action of the court thereon would be inconclusive.

But, furthermore, if the question whether the defendants' stopper lamp infringes the second claim of the patent in suit can properly be considered at all upon a mere rule to show cause, the party invoking the rule, we think, should be the plaintiffs, to whom it is, of course, open to apply for an attachment against the defendants for the alleged violation of our injunction. In the absence of such an application by the plaintiffs, the consideration of this question must await the final hearing. Then we may be called on regularly and properly to decide the question, for clearly the relief obtainable under the present bill is not limited, as respects either an injunction or an account, to infringing lamps made before the institution of the suit, but equally embraces those made afterwards, although structurally different from the former ones. Story, Eq. Pl. § 352; Knox v. Mining Co., 6 Sawy. 430; Rubber Co. v. Goodyear, 9 Wall. 788.

The rule to show cause, granted February 1, 1893, will therefore be discharged, but without prejudice to the defendants' right to set up in their answer the matters upon which said rule was founded; and it is so ordered.