SPRAGUE ELECTRIC RY. & MOTOR CO. v. STEEL MOTOR CO.

(Circuit Court, W. D. Pennsylvania. July 12, 1898.)

No. 11.

PATENT—SUIT FOR INFRINGEMENT—INJUNCTION.

Where complainant in an action for a preliminary injunction asks leave to withdraw so much of its motion as seeks an injunction based on infringement of a certain claim of a patent, and it does not appear from complainant's moving papers that he charges respondent with infringing in the manufacture and sale of the articles referred to in such claim, the question of such infringement will not be passed upon solely at respondent's instance.

Sur Motion for Preliminary Injunction.

Betts, Betts, Sheffield & Betts and Christy & Christy, for complainant.

Harding & Harding, for respondent.

BUFFINGTON, District Judge. The complainant, the Sprague Electric Railway & Motor Company, moves for a preliminary injunction against the Steel Motor Company to enjoin infringement of claims 2 and 6 of letters patent No. 324,892, issued August 25, 1885, to Frank J. Sprague for an electric railway motor. These claims were adjudged valid by the circuit court of the Second circuit, and its decree affirmed on appeal. The validity of the patent having been sustained, an injunction must issue, as the respondent company concedes that Exhibits Nos. 1, 2, 3, 5, 6, and 7 infringe the second claim. As to the sixth claim, respondent alleges that the present proofs fail to show in said exhibits the use of all the elements of said claim. We will not pass on that question, as the complainant asks leave to withdraw so much of its motion as seeks for an injunction based on infringement of said claim. Such leave will be given, without prejudice to complainant's right to aver and maintain such charge of infringement hereafter.

The foregoing enjoined types are what are known as "nose-suspended motors." The respondent manufactures motors with sidebar suspensions, and has produced plans and models of two such, known as Nos. 4 and 8, respectively, has submitted them to the inspection of the court and parties, and has urged the court on this present motion to pass on the question whether they infringe. Counsel for respondent allege that complainant's moving papers charge that respondent infringes in the manufacture and sale of said side-suspended

!motors. A careful consideration of the record satisfies us that such charge has not been made on the motion before us by complainant, and that the respondent, not the complainant, has sought to raise that issue. Against action thereon by the court the complainant protests, alleging that, while it regards said types as infringing the patent in suit, it is not willing to have that question passed on in the present motion or presentation by the respondent, and on its models and drawings. We must therefore regard the question as before us wholly and solely at the respondent's instance. Such being the case, we must decline to pass upon it. The practice to the contrary is settled in this circuit. Edison Electric Light Co. v. Westinghouse Electric & Mfg. Co. (C. C.) 54 Fed. 504. Let an injunction as indicated above be drawn and submitted.