THOMAS & SONS CO. v. ELECTRIC PORCELAIN CO. et al.

(Circuit Court, D. New Jersey. March 12, 1902.)

No. 190.

PATENTS—INTERLOCUTORY DECREE FOR INFRINGEMENT—MOTION FOR MODIFICATION.

An interlocutory decree having been entered, sustaining the validity of a patent and directing the defendant to account, a motion to modify the decree, so as to obtain a decision whether a special article made by the defendant infringes, will be refused where that question was not raised by the pleading or made the subject of proof. It is not the province of the court to advise a defendant what he can or what he cannot do, under such a decree, to avoid being charged with contempt, nor to determine in advance on motion questions which may subsequently arise before the master in the accounting.

In Equity. On motion to vacate and modify interlocutory decree.

H. P. Denison, for the motion.

Hubert Howson, opposed.

ARCHBALD, District Judge (orally).[1] There is no doubt in my mind as to my authority on a proper occasion to modify an interlocutory decree such as has been entered in this case, but I am not moved to do so by the affidavits and exhibits which have been laid before me. The question now sought to be raised is not one that was made by the pleading or evidence upon which the case was previously disposed of. 111 Fed. 923. It was touched upon, it is true, at the final hearing, where it was suggested by counsel for the defendants that some of the insulators which he there produced were not of an infringing character, because they had been made by dipping the shells into glaze, and were fastened together in that way, and not by pouring extra glaze between them. But this was at the very close of the argument, and counsel for the plaintiff protested against their being considered because they had not been offered in evidence before the examiner, and were entirely outside of the case as it had been made up, giving notice also that in case the patent was sustained they would be regarded as an infringement.

The only question at the hearing was with regard to the validity of the plaintiff's patent, the insulators manufactured by the defendants being conceded to be an infringement. What I am really now asked to do therefore is to dispose of something brought into the case anew, entirely outside of any issue made or evidence offered leading up to the final disposition of it. The defendants' counsel is, no doubt, acting in entire good faith, and confesses to have two purposes in view—First, to avoid any possible proceedings for contempt, he having advised his client that the character of the insulator that he produces here to-day does not infringe the plaintiff's patent according to his understanding of the opinion of the court upon the subject; and, second, to meet the same question which is likely to

[1] Specially assigned.

come up before the master if the case goes to an accounting. The motion to modify is made on the authority of a case in the Ninth circuit (Bowers v. Reclamation Co. [C. C.] 99 Fed. 745), which I have examined in a general way, but not critically. My remembrance is that the use now made of it is based, not upon anything directly decided, but upon an incidental remark advanced by the court by way of argument. Speaking of the want of good faith on the part of the defendant, as evidence of it, it is said that he went ahead and took the chances of infringing, acting upon the advice of counsel, without obtaining, as he might have done, the opinion of the court by an application for a modification of the decree which had been entered; that is to say, the court assumed, without really deciding it, that there could properly be a modification of the decree in that way. How far this view of the practice is called in question by the cases which have been cited in this circuit (Edison Electric Light Co. v. Westinghouse Electric & Mfg. Co. [C. C.] 54 Fed. 504; Sprague Electric R. & Motor Co. v. Steele Motor Co. [C. C.] 105 Fed. 959) I will not undertake to say. A serious objection to it is that it practically makes the court advise the defendant what he can and what he cannot do, and that is exactly what defendant's counsel frankly says he desires in the present instance. He wants the court to tell in advance what the defendant has a right to do. The courts are established to decide cases, and not to advise parties. That is a matter for counsel, which courts cannot assume without entirely reversing the established order. They can only pass upon such matters as are brought before them in a due and regular way, and cannot anticipate.

So far as any charge of contempt which may hereafter be made in the present case is concerned, I shall have to meet it when it comes up, and in the way it comes up; and, with regard to the accounting before the master which has been ordered, all questions that pertain thereto must, in the first instance, be disposed of by him, acting on his own views, and to that time and place they must for the present be relegated. It is true there is a method by which questions which arise can be certified by the master to the court for determination, but that is resorted to only after due proceedings have been taken and the issues fully developed, which differs very much from such ex parte affidavits and exhibits as are now brought forward.

It is evident from these observations, which are necessarily hasty, that I am not inclined to sustain this motion, and I will overrule it, leaving the defendant to take such action with regard to these insulators as he may be advised by counsel is proper, for which he must assume the responsibility, without calling upon the court for guidance. Did I attempt to tell him now that a certain line of action was open to him, I might be compelled, when both sides have been fully heard, to take the contrary view, which would lead to considerable embarrassment.

The motion to vacate and modify the interlocutory decree is dismissed.