WESTINGHOUSE ELECTRIC & MFG. CO. v. SANGAMO ELECTRIC CO.

(Circuit Court, E. D. Pennsylvania. March 25, 1904.)

No. 47.

1. PATENTS—INFRINGEMENT—CONTEMPT—ADVICE OF ATTORNEYS.

On an application to punish defendant for contempt in selling a meter alleged to constitute an infringement of complainant's meter, in violation of an injunction, the fact that such sale was made under the advice of counsel that it did not infringe complainant's patent, while insufficient to protect defendant if it was in fact an infringement, would be considered in determining whether there was an intentional disregard of the injunction, tending to bring defendant into contempt.

2. SAME.

Where, on an application to punish defendant for contempt in violating an injunction restraining the sale of meters infringing complainants' patent, it appeared that but a single sale had been made by defendant since the injunction, and that was of a meter differing in form, if not in principle, from the one established by the decree as an infringement, and that complainant's object was to obtain an adjudication that the meter so sold was in fact an infringement, and such question could be fully litigated on the taking of the account, the motion to punish for contempt would be denied.

In Equity. Rule to show cause why the defendants should not be adjudged in contempt.

Kerr, Page & Cooper, for the rule.
Seward Davis and Charles A. Brown, opposed.

ARCHBALD, District Judge.* This does not impress me as a case in which to declare a contempt. But a single sale by the respondents is shown since the injunction, and that of a meter differing in form, ·if not in principle, from the one put in issue by the pleadings and proofs, and established by the decree as an infringement. There may be a suspicion of more from the enlargement of the respondents' works, which was made for the avowed purpose of manufacturing this class of meters. But whatever was done in that direction before the injunction, it is denied that there was anything after it, except in the one instance; and this, without further proof on the subject, we are bound to accept. The sale in question, also, was made under the advice of counsel that the disk form of meter did not infringe; and, while that would not suffice to protect it, if it were found that it did, it is at least to be considered in determining whether there was any intentional disregard of the order of the court, bringing the respondents into contempt. To hold that it does infringe, I have got to decide that the particular form of meter so manufactured and sold, though differing from the one directly in suit—having a disk instead of a cylinder as the armature, and the magnet poles being radially set—in reality is one and the same. Confessedly this is just what the plaintiffs seek. They do not so much care to vindicate the authority of the court as to get a decision that the meter to which in their recent manufacturing the Sangamo Company have preferably confined themselves—made according to the one of the forms shown in the Gutmann patent—adopts the principle and invades the terms of the patent in suit. But they have that now in the case against the Mutual Life Insurance Company, 129 Fed. 213, recently decided by Judge Hazel, where it was directly put in issue and passed upon. While I admit that I have awaited the disposition of that case with the general intention of following it, yet I find when brought to the point that I cannot escape by reason of it from considering and determining the question for myself, if I propose to go on and hold the respondents in contempt. And even if the evidence there introduced is to be regarded as before me by the production of the printed record, I should have to pass upon it without the aid of argument, which, to say the least, would be very unsatisfactory. A decision by me, to be of any value, must be an independent one, and have all the customary sanctions, persuasively assisted, it may be, by the views expressed by Judge Hazel, but that is all. Moreover, should the same conclusion be reached, the respondents would be found in contempt retroactively and constructively, and not according to the light which they had at the time; and this, by the aim of the plaintiffs, as already suggested, not so much for the purpose of upholding the decree of the court, as for its effect in the future on this and other cases. Under the circumstances, I do not deem it advisable to go into the question. When it comes to the taking of an account, it will be open to the plaintiffs to insist that a disk meter falls within the terms of the patent, the same as that where there is a cylinder. A large number of this construction were admittedly

* Specially assigned.

sold prior to the injunction, and, if this contention can be maintained, the respondents will have to answer for them. With the question squarely raised in that way, and with appropriate proofs upon it pro and con, it can be disposed of in an orderly and satisfactory manner. Thomas & Sons v. Electric Porcelain Company (C. C.) 114 Fed. 407. But I am not persuaded that it should be here.

The rule to show cause is discharged.