BROWN BAG-FILLING MACH. CO. v. DROHEN.

(Circuit Court, W. D. New York. February 23, 1909.)

No. 253.

1. PATENTS (§ 318*)—SUIT FOR INFRINGEMENT—MEASURE OF PROFITS.

In computing the profits realized by a defendant from the use of an infringing bag-filling machine, the master *held* to have properly taken as the basis the saving as compared with the cost of hand labor, and that the work was even then done at a loss is immaterial.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 566–576; Dec. Dig. § 318.*

Accounting by infringer for profits, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.]

2. PATENTS (§ 322*)—SUIT FOR INFRINGEMENT—REFERENCE FOR ACCOUNTING.

The question whether a defendant, after an interlocutory decree finding infringement of a patent, further infringed by the use of machines not before the court, is one which may properly be determined by the master on an accounting.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 322.*]

3. PATENTS (§ 319*)—SUIT FOR INFRINGEMENT—RIGHT TO DAMAGES.

Where there is not sufficient evidence to establish a uniform license fee or royalty for the use of a patented machine, a master is justified in refusing to award damages for the use of an infringing machine.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 319.*]

In Equity. On exceptions to master's report.

See, also, 140 Fed. 97.

Nathan Heard, for complainant.

Herman J. Westwood, for defendant.

HAZEL, District Judge. The complete and able report of the master, who has awarded the complainant profits in the sum of $8,016.39, sets forth the facts, and also contains such a full discussion of the various questions of law involved that perhaps it is entirely unnecessary for me to add anything thereto; but I will nevertheless notice briefly several of the important exceptions.

The principal contention was that the master was in error regarding the standard of comparison adopted by him to establish the gains and profits. In view of the evidential facts, however, I think the master correctly based his finding upon the cost of hand labor, and rightly adopted it as a standard of comparison. Turrill v. Illinois Central (C. C.) 20 Fed. 912; Knox v. Great Western Mining Co., Fed. Cas. No. 7,907. That the defendant performed the work of filling the bags with seed, using a patented machine at a loss, is immaterial upon the question of ascertaining the gains and profits. The proofs show that the defendant entered into a contract with the United States government to fill with seed a large number of small paper bags after this action for infringement was instituted, and with actual knowledge of the complainant's patented invention. Although in carrying out the contract the defendant made no actual profit, yet the master applied the correct rule in holding that the complainant was entitled to recover what the defendant actually saved in filling the bags under his contract by appropriating the patented structures. Mevs v. Conover (1877) 125 U. S. 144, note; The Cawood Patent, 94 U. S. 695, 24 L. Ed. 238; Elizabeth v. Pavement Co., 97 U. S. 126, 24 L. Ed. 1000; Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664. This court also concurs in the finding that the Tracy and Bolgiano machines were infringements of the patent in suit. Such machines not having been before this court when the defendant was found to infringe the patent in suit, any subsequent infringements were questions properly before the master to be decided by him (Wooster v. Thornton [C. C.] 26 Fed. 274; Westinghouse Electric & Mfg. Co. v. Sangamo Co. [C. C.] 128 Fed. 747; Edison Co. v. Westinghouse Co. [C. C.] 54 Fed. 504); and accordingly the profits made by the infringing machines were rightly included in the award to the complainant.

Regarding the exceptions filed by the complainant, it is claimed that the master was in error in not allowing an item of $71.12 for paste. A careful reading of the report convinces me that in computing the cost of filling the bags the master considered all elements in relation to which the testimony offered was satisfactory. The remaining exceptions relate to the failure of the master to award damages as well as profits. The true measure of damages would be an established license fee or royalty. Birdsall v. Coolidge, 93 U. S. 64, 23 L. Ed. 802. The master was of the opinion that the complainant had failed to prove a uniform license fee upon labor such as the patented machine was able to perform, and as there was competent evidence merely of a single license fee he decided on the authority of Adams v. Bellaire Stamping Co. (C. C.) 28 Fed. 360, and Walker on Patents, § 557, that no royalty or uniform license fee had been established. No sufficient reason is shown why this finding should be disturbed.

The exceptions filed by the defendant and by complainant are overruled. The fees of the master, whose report is confirmed, may in the usual way be paid by complainant, and be taxed against the defeated defendant.