## BROWN BAG FILLING MACH. CO. v. DROHEN.

(Circuit Court of Appeals, Second Circuit. January 11, 1910.)

### No. 78.

**1. PATENTS (§ 318*)—SUIT FOR INFRINGEMENT—MEASURE OF PROFITS.**

The profits realized by a defendant from the use of an infringing bag filling machine were properly computed on the basis of the saving as compared with the cost of filling by hand, where there was no prior machine which would do the work.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 566–576; Dec. Dig. § 318.*

Accounting for profits by infringer of patent, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.]

**2. APPEAL AND ERROR (§ 1022*)—REVIEW—FINDINGS OF MASTER.**

In the absence of manifest error, an appellate court will not disturb the findings of a master, made on conflicting testimony, which have been examined and adopted by the Circuit Court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4015–4018; Dec. Dig. § 1022.*]

**3. PATENTS (§ 319*)—INFRINGEMENT—RECOVERY OF DAMAGES.**

Where the defenses of invalidity of the patent and noninfringement in a suit for infringement of a patent presented debatable questions, and it does not appear that defendant was actuated by malice or bad faith, there is no reason for permitting the recovery of damages instead of profits for infringement, and especially for increasing the damages under the statute.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 577–586; Dec. Dig. § 319.*]

**4. PATENTS (§ 312*)—INFRINGEMENT—RECOVERY OF DAMAGES.**

Evidence *held* insufficient to establish a uniform license fee for the use of a patented machine, which would warrant a recovery of damages from an infringing user.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 312.*]

Appeal from the Circuit Court of the United States for the Western District of New York.

Suit in equity by the Brown Bag Filling Machine Company against James L. Drohen. Decree for complainant, and both parties appeal. Affirmed.

The opinion of the Circuit Court is reported in 171 Fed. 438. The opinion of this court affirming the decree, which sustained the validity of the complainant's patents, is reported in 148 Fed. 985, 78 C. C. A. 614. The opinion of the Circuit Court thus affirmed is reported in 140 Fed. 97.

Nathan Heard, for complainant.

Herman J. Westwood and Lester F. Stearns, for defendant.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The report of the master contains such a full and able discussion of the question involved that but little need be added.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The comparison between the cost of doing the work by hand labor and by the patented machine was correctly adopted as the proper standard by which to measure defendant's profits.  As there were no machines existing prior to the date of the inventions covered by the complainant's patents, which could do the work, hand labor was the only available standard of comparison.  If the defendant had not used infringing machines he would have been compelled to use hand labor. The result reached by the master, after a thorough examination of the testimony, is fair and conservative.  In the absence of manifest error it is not the province of this court to disturb the findings of a master reached upon conflicting testimony, which findings have been examined and adopted by the Circuit Court.

The complainant's cross-appeal proceeds upon the theory that the master should have made an award of damages based upon an alleged established license fee for the use of its machines by parties to whom contracts were awarded for putting up seeds for congressional free distribution.

It is argued that the damages, if so found with interest, will exceed the amount of profits and that the complainant should be permitted to elect whether it will recover profits or damages.  It is further argued that if it elects to receive damages the court should treble the amount under the provisions of section 4921 of the Revised Statutes (U. S. Comp. St. 1901, p. 3395).  Regarding the latter contention we may say that we do not regard the present case as one warranting the application of the statute.  We have recently had occasion to examine this question in the case of Fox v. Knickerbocker Co., 165 Fed. 142, 91 C. C. A. 386, and although we sustained the action of the Circuit Court as within its discretion, we intimated that had the question been presented to this court in the first instance the damages would not have been increased.  In the Fox Case no testimony showing the invalidity of the patent was introduced and infringement was admitted.  It was a bald case of piracy accompanied by circumstances indicating an intention to injure and delay the complainant.

This record presents no such features; it shows the usual conditions obtaining in patent causes.  The defenses—lack of novelty and invention, noninfringement and insufficient description—presented debatable questions, and it cannot be said that the defendant's course was actuated by malice or bad faith.  Instead of making money in carrying out his contract with government, he lost money and the decree against him is sustained upon the theory that but for the use of the infringing machines he would have lost more money.  In short, the record shows no reason for substituting damages for profits as a punishment.

The master found that the evidence failed to establish a uniform license fee for the machines when used both night and day, as but a single instance of a license for such work was shown.  This proposition is not seriously disputed, but the complainant contends that there was an established license fee for day work, and as the defendant used the machines night and day he should not complain if required to pay the fee charged for day work.  This contention certainly seems plausible, but we hesitate to adopt it in the absence of proof.  Are we per-

175 F.—37

mitted to infer that a license fee for a machine working night and day must, under all conditions, exceed, or at least equal, a license fee for a machine working by day only? We cannot think that the affirmative of this proposition is entirely free from doubt.

Many conditions of which we are not informed must enter into the question. It is conceded that the work on the government contracts was sui generis, the machines being run for a short period and under trying conditions. "The work is carried on with a rush." We do not know how these conditions may affect the amount charged for the use of the machines. It is not improbable that a lower fee may, in some instances, be charged for night and day work than for day work alone for the reason that the machine would be sooner released and might thus secure a much longer and more valuable service.

However this may be we are satisfied that a uniform established license fee, even for day work, has not been shown by testimony sufficiently clear and convincing to uphold an award for damages.

No valid reason is given for reversing the master's finding. The entire subject of license fee is involved in contradiction, uncertainty and doubt, and the report of the master was fully justified by the proof. Rude v. Westcott, 130 U. S. 152, 9 Sup. Ct. 463, 32 L. Ed. 888; Diamond Stone-Sawing Machine Co. v. Brown, 166 Fed. 306, 92 C. C. A. 224; Adams v. Bellaire (C. C.) 28 Fed. 360; Walker, § 557.

The award of profits sufficiently reimburses the complainant.

It follows that the decree must be affirmed. As both parties have appealed and neither has succeeded, the affirmance should be without costs.

LACOMBE, Circuit Judge. I cannot concur in the proposition that we may assume, without proof, that a patentee who has an established license fee for the use of his machine for day work only, would be likely to allow its use for day and night work both at any less rate. I concur in the result, because the proofs do not satisfy me that a regular uniform license fee for day work is established. I also concur in all that is said as to profits.