## INDIVIDUAL DRINKING CUP CO. v. PUBLIC SERVICE CUP CO.

### (District Court, E. D. New York. July 11, 1916.)

1. PATENTS ⟨⟩308, 326(4)—INFRINGEMENT—VIOLATION OF INJUNCTION.

In an infringement suit where defendant is found to have infringed the patent, complainant, having been granted an injunction, may, before final decree, move that it be extended so as to include a new device, or a changed device within the claims of the patent as found by the court, and where the device is in use by defendant during the pendency of the action, or after decision, but before the hearing on the reference, the master may consider what acts constitute an infringement, and this may involve comparison of structures to see if changes are merely colorable, but it is improper to bring a new device into the case by contempt proceedings.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 504–506, 615–619; Dec. Dig. ⟨⟩308, 326(4).]

2. PATENTS ⟨⟩308—INFRINGEMENT SUITS—REHEARING.

In an infringement suit, where complainant moved to extend the injunction to a new device claimed to infringe the patent, defendant cannot, without any assertion of proper ground, be granted a rehearing of the whole case on the questions of the validity of the patent and infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 504–506; Dec. Dig. ⟨⟩308.]

3. PATENTS ⟨⟩308—INFRINGEMENT—INJUNCTIONS—MOTION TO EXTEND.

In an infringement suit, complainant was granted an injunction, and after the discontinuance of an independent suit to enjoin the manufacture of a second device, which complainant contended also infringed, it moved to extend the injunction to include such device. That device was on the market, and actually in complainant's possession, before the decision of the case. Defendant contended that such device was not an infringement; the claims of the patent being limited by the prior art and a subsequent patent. *Held*, that as defendant was entitled to its day in court, and as such matters could not be decided on a motion to extend the injunction, there being no ground shown for a rehearing of the case the motion to extend the injunction should, in the discretion of the court properly be denied, and complainant required to protect its rights by an independent suit.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 504–506; Dec. Dig. ⟨⟩308.]

In Equity. Suit by the Individual Drinking Cup Company against the Public Service Cup Company. On motion by complainant to

extend the injunction already granted to another device manufactured by defendant. Motion denied.

See, also, 226 Fed. 465.

Clifford E. Dunn, of New York City, for plaintiff.

Briesen & Schrenk, of New York City (Hans. v. Briesen, of New York City, of counsel), for defendant.

CHATFIELD, District Judge. This action was brought upon patent No. 1,081,508, granted to Lawrence W. Luellen, for a device to store and furnish sanitary drinking cups, either in connection with a coin mechanism, or a liquid supplying mechanism, or both, or neither. After careful consideration the patent was held valid and infringed by a device of the same general character. The interlocutory decree was entered on the 30th day of July, 1915. A second action was instituted, upon patent No. 1,043,854, which shows merely a receptacle for a nest of cups, with a constricted opening of a certain sort, to allow access to but one cup at a time. A preliminary injunction was granted therein, in this court, against the defendant upon the 30th day of March, 1915.

[1] Subsequently the plaintiff brought a third action against the defendant, upon the original patent No. 1,081,508, charging infringement by the device now under consideration, while at the same time proceeding with the reference before a master, upon the decree in the first suit. Subsequently the independent action was discontinued, and the plaintiff sought to include the use of the device charged as infringement therein, in the accounting before the master in the first action. Upon objection, the master excluded this testimony, whereupon the plaintiff now brings the motion to extend the injunction already granted to the device used by the defendant in its present form. This consists of a receptacle for the nest of cups, which is suspended by two flanges (on opposite sides of the opening through which the cups fall) connected with a rod terminating in a pushbutton at the front of the casing. When this button is pressed against the spring which holds it in place, the flanges are displaced from under the lower cup in the case, but at the same time two other wedge-shaped flanges pass between the rim of the lower cup and that of the cup next above, thus forcibly separating the lower cup so that it may fall through the opening, and holding up the balance of the stack.

The defendant's device is within the language of certain claims of the patent originally held valid. But the defendant now seeks to introduce many patents, some of which were cited in the answer in the original action as anticipations, some of which were merely referred to as a part of the prior art upon that trial, and some of which have not before been discussed in connection with this litigation. In addition, the defendant seeks to go into the art from the standpoint of such patents as that of Flatau, No. 1,091,921, which upon the previous record were considered as improvement patents, but which the defendant now urges are not covered by even the broad claims of the patent in suit.

It may be assumed that the new device could not, under the circumstances, have been brought into this case by contempt proceedings. Crown Cork & Seal Co. v. American Cork Specialty Co., 211 Fed. 650, 128 C. C. A. 154. In Westinghouse Air Brake Co. v. Christensen Engineering Co. (C. C.) 126 Fed. 764, and in California Artificial Stone Paving Co. v. Molitor, 113 U. S. 609, 5 Sup. Ct. 618, 28 L. Ed. 1106, it was held that *after final decree,* a new action was necessary unless the change in the form of device was merely colorable. In Sundh Electric Co. v. General Electric Co. (D. C.) 217 Fed. 583, the practice was upheld of bringing on a motion for supplementary interlocutory decree to extend the injunction.

It may be considered, therefore, that the practice is established that before final decree, application on motion may be made to include a new device, or a changed device, within the claims of the patent as found by the court. Where the device is in use by the defendant during the pendency of the action, or after decision but before the hearing upon the reference, the master may consider what acts constitute an infringement, and this may involve comparison of structures to see if changes are merely colorable. Brown Bag-Filling Mach. Co. v. Drohen (C. C.) 171 Fed. 438; Hoe v. Scott (C. C.) 87 Fed. 220; L. S. Starrett Co. v. Brown & Sharpe Mfg. Co., 208 Fed. 887, 126 C. C. A. 47. But in the latter case, a device was under consideration before the master, which was placed upon the market after the filing of the bill. The question under consideration was a change or modification from the device held infringed in the decree. As to this the court said that the defendant was entitled to a day in court, but that this could be had before the master.

[2, 3] In this case the defendant did not present before the master, and is not urging before the court, that the device now complained of is so changed from the similar portions of the structure held to be an infringement as to escape inclusion in the injunction and decree, if the broad claims of this patent are given the same meaning which it appeared *upon the previous record* they should have been given. He contends, however, that he is entitled to raise the issue of validity, and to limit the construction of these claims by practically a rehearing of the case in these respects, and by what amounts to an amendment of the answer, so as to set up an entirely new prior art and list of anticipations. The parties are the same, the defendant has not applied for a rehearing upon newly discovered evidence, nor does he contend that he did not properly have his day in court upon these issues. So far as he is concerned, the meaning of the claims and the question of their validity, based upon the prior art, is settled by the interlocutory decree which has already been entered. In this respect, therefore, the defendant's position is untenable, and he cannot ask the court to review its own decision, in the light of such matters as the defendant may now wish to present to the court under the guidance of a new attorney in the case. In so far, therefore, as the defendant seeks to raise any issue (except that of infringement through identity of the present device with that held to be an infringement on the trial) the motion could be granted. Under ordinary circumstances, it must also be held

that the question of identity should have been passed upon by the master upon the merits, and it would be referred back to him for that purpose, except for other considerations entering into the present case.

It appears that the new device which the plaintiff now seeks to bring in as an infringement was upon the market and was actually in the plaintiff's hands before the decision of this case. It is a different device as a whole than the patent in suit. It appears, as has been stated, that it may involve in certain ways the other patent taken out by the plaintiff, and which the defendant alleges contradicts the broad scope now claimed by the plaintiff for the patent in suit. At any time when the plaintiff sought a finding by the court upon the charge of infringement by this particular device, the defendant was entitled to a day in court upon such issues as could be properly presented for the court's consideration under the plaintiff's charge of infringement.

If a new action, charging infringement by an entirely different style of cup distributor, is brought under the broad claims of the patent in suit, and if the plaintiff claims that as between it and the defendant, the issue has been adjudicated by the decree with respect to these broad claims, then the court will be compelled to decide upon a full hearing how far the validity of the broad claims of the patent has been settled by consideration of those broad claims in their application to the cup dispenser involved in the previous action.

The court cannot take back, modify, or explain a previous finding of validity, which was correct upon the prior record; nor can the court, as between the same parties and in the same action, and in the absence of proper newly discovered evidence, retry the same issue, as to an exhibit alleged to be an infringement (which was in the possession of the plaintiff prior to the entry of the interlocutory decree, but which was in effect disregarded by the plaintiff until the independent action was started and discontinued), and thus allow the plaintiff to retrace its steps so as to throw upon the court the responsibility of deciding what the court's decree would have been, in case the present structure had been on trial, in case the defendant had pleaded all the matters which it now seeks to allege, or in case it had defaulted, as to proof of part, in so doing.

The only sure way to dispose of these matters on the merits is to deny the present application, which it is believed is within the discretion of the court, without thereby deciding in any way any of the issues that might be presented in a new action based upon the present form of structure. If the plaintiff thereby loses anything from the effect of the plea of res adjudicata, it will at least be after a full hearing, and if the plaintiff's position should be sustained upon that trial, then the defendant will have had its day in court.