## MINERALS SEPARATION, Limited, v. MIAMI COPPER CO.

(District Court, D. Delaware. January 27, 1920.)

No. 331.

1. Equity ⊂⊃297—Burden is on plaintiff to show that leave to file supplemental bill should be granted.

The burden of showing that a motion for leave to file a supplemental bill should be granted is on plaintiff.

2. Courts ⊂⊃347—Leave to file supplemental bill not granted unless allegations material.

Under equity rules 19 and 34 (198 Fed. xxiii, xxviii, 115 C. C. A. xxiii, xxviii), plaintiff, asking leave to file a supplemental bill, must show that its allegations are material; and they are not material unless he could not have the relief prayed for under the original bill.

3. Patents ⊂⊃310(10)—Supplemental bill not necessary or proper to entitle plaintiff to accounting for infringing acts subsequent to suit.

In a suit for infringement of a patent, the accounting before the master is not limited to the infringing acts occurring prior to the filing of the original bill, or prior to the date of the decree, but is had as nearly as may be to the time of the coming in of the master's report; and hence a supplemental bill is neither necessary nor proper to obtain an accounting for acts of infringement subsequent to the filing of the original bill.

4. Patents ⊂⊃310(10)—On motion for leave to file supplemental bill court cannot assume that full relief cannot be granted under original bill.

On application for leave to file a supplemental bill in a patent infringement suit, setting up acts of infringement subsequent to the bringing of the action, where the nature of the infringing acts is not disclosed, the court cannot assume that full relief may not be afforded plaintiff under the original bill.

5. Patents ⊂⊃310(10)—Leave to file supplemental bill denied, where some allegations are immaterial and confusing.

In a patent infringement suit, leave to file a supplemental bill, alleging an assignment of the beneficial interest in the patents in question, and

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the filing of a disclaimer, will be denied, where the bill also contains other allegations which are immaterial, and would probably be confusing and detrimental to the orderly progress of the cause.

In Equity. Suit by the Minerals Separation, Limited, against the Miami Copper Company. On motion for leave to file a supplemental bill. Motion denied without prejudice.

Henry D. Williams and William Houston Kenyon, both of New York City, and Thomas F. Bayard, of Wilmington, Del., for plaintiff.

Charles Neave, of New York City, and John F. Neary, of Wilmington, Del., for defendant.

MORRIS, District Judge. This suit is based upon United States letters patent No. 835,120, No. 962,678, and No. 1,099,699. The bill of complaint of Minerals Separation, Limited, alleged infringement thereof by the defendant Miami Copper Company and prayed an injunction and an accounting. All the claims in issue, other than claim 9 of No. 835,120, which was adjudged to be too broad, were held valid and infringed. 237 Fed. 609; 244 Fed. 752, 157 C. C. A. 200. Thereupon the cause was referred to a master to take and state an account of the profits and to assess the damages. This is now being done. A writ of injunction was issued, as directed by the interlocutory decree, and served upon the defendant permanently enjoining and restraining the defendant—

"from any installation or use in any manner of the said patented inventions described in letters patent of the United States No. 835,120, and particularly pointed out in claims 1 and 12 thereof, letters patent of the United States No. 962,678, and particularly pointed out in claims 1, 2, 5, and 6 thereof, and letters patent of the United States No. 1,099,699, and particularly pointed out in claims 1 to 12, inclusive, thereof, or any part thereof, and from in any way directly or indirectly infringing said claims or any of them."

The plaintiff now presents to the court a proposed supplemental bill and by oral motion makes application for permission to file it. This motion is opposed by the defendant. The proposed supplemental bill, after briefly reciting the proceedings heretofore had in the cause, alleges that Minerals Separation American Syndicate (1913), Limited, acquired the entire beneficial interest in said letters patent; that the syndicate aforesaid by an instrument of writing sold, assigned, and transferred to Minerals Separation North American Corporation all its right, title, and interest in and to said letters patent and that "by virtue of the premises Minerals Separation, Limited, and Minerals Separation North American Corporation, plaintiffs, became and now are the sole owners of said letters patent, * * * and of all claims and demands and rights of action for profits and damages for infringements of said letters patent during the period of the infringement thereof by the defendant"; that on March 28, 1913, Minerals Separation, Limited, complainant, entered its disclaimer in so much of the thing patented by claims 9, 10, and 11 of said letters patent No. 835,120 as it did not choose to hold or claim by virtue of said letters patent, and that on the 2d day of June, 1919, by the decision of the Supreme Court in Minerals Separation, Limited, and others, against

Butte & Superior Mining Company, the disclaimer aforesaid was upheld as good and valid in law and as entered without unreasonable neglect or delay: The further allegations of the proposed supplemental bill and its prayers are as follows:

"6. That the Miami Copper Company, defendant, subsequent to the filing of the bill of complaint herein, and without the license and allowance of the plaintiffs, employed processes of concentrating powdered ores embodying and containing the invention or inventions of claims 1 and 12 of said letters patent No. 835,120, claims 1, 2, 5, and 6 of said letters patent No. 962,678, and claims 1 to 12, inclusive, of said letters patent No. 1,099,699, and has ever since so done and now continues so to do in disregard of the plaintiff's rights as aforesaid, and notwithstanding the permanent injunction of this court served upon the defendant as aforesaid, and to the great and irreparable and continuing loss and damage of the plaintiffs and the unjustifiable profit of the defendant, and that its unlawful acts as aforesaid have the effect of encouraging and inducing others so to infringe in disregard of the plaintiff's rights as aforesaid.

"The plaintiffs therefore pray:

"I. For a permanent injunction and injunction pendente lite restraining the Miami Copper Company, defendant, its officers, associates, servants, agents, attorneys, clerks, and workmen, and every person acting for or on behalf of said defendant, from any installation or use or continued use in any manner of the said patented inventions and particularly claims 1 and 12 of letters patent No. 835,120, claims 1, 2, 5 and 6 of letters patent No. 962,678, and claims 1 to 12, inclusive, of letters patent No. 1,099,699, or any part thereof, in violation of the rights of the plaintiffs as aforesaid.

"II. For an accounting of all profits and damages arising from said infringement and that any damages assessed may be tripled.

"III. For such other and further relief as the circumstances of the case may require."

The claims alleged by the proposed supplemental bill to have been infringed subsequent to the filing of the original bill of complaint are the same claims that were held valid and infringed by the decree heretofore made in this cause, and the injunction now prayed is, with the exception of the words "or continued use," identical with the injunction heretofore issued, served upon the defendant in September, 1917, and now remaining in full force and effect.

[1, 2] The burden of showing that the motion now made should be granted and the proposed supplemental bill filed is, of course, upon the plaintiff. To meet this burden the plaintiff must show, among other things, that the allegations of the proposed bill are material. Equity rules 19 and 34 (198 Fed. xxiii, xxviii, 115 C. C. A. xxiii, xxviii). The allegations are not shown to be material, unless it appears that the plaintiff may not under the original bill have the relief prayed for by the proposed supplemental bill.

Does it appear that the plaintiff may not under the original bill have the relief sought under the second prayer of the proposed supplemental bill, namely, an accounting for acts of infringement subsequent to the filing of the original bill? More than a century ago Sir Thomas Plumer, in Adams v. Dowding, 2 Madd. 53, 59, held that in taking an account the master is not limited to the date of the filing of the original bill, but must extend the account down to the time of the hearing before him; that new matter alleged in the supplemental bill is not material, if relief therefor may be given under the original bill; and that,

where a complainant might have under the original bill, the relief prayed for by a supplemental bill, such supplemental bill is improper. He said:

"The original bill entitled the plaintiff to have all the accounts taken, and if no supplemental bill had been filed an account must have been taken, before the master, between the parties, as it stood at the time of the account taken. * * * If merely relevant events happening subsequent to the filing of a bill makes a supplemental bill necessary it is necessary in this case; but it is not all relevant events posterior to a bill that render a supplemental bill necessary. It can seldom be necessary where the bill is for an account. When a bill is filed for an account of tithes, an account is taken of receipts posterior to the original bill, and it never was supposed that a supplemental bill was necessary, because tithable matter had been received subsequent to the filing of the original bill. * * * Milner v. Harwood, 17 Ves. 144, is a decisive authority to show that the mere circumstance of a relevant event happening subsequent to the original bill is not sufficient to warrant a supplemental bill, unless such subsequent event *be material.* In that case the Lord Chancellor says (Id. 148, 149): 'If, however, this bill, praying the benefit of this supplemental matter, is to be considered regular, the other ground, upon which it is resisted, appears to me tenable, viz. that this matter cannot upon just reasoning be represented as material and beneficial; and the demurrer may therefore, upon that ground, be supported.' His Lordship then compared the new matter with the original bill, to see if it was material, and, being of opinion it was not material, he allowed the demurrer. It appears, therefore, that my Lord Chancellor agrees with Lord Redesdale that where there is no alteration in the interest of the parties, nor any particular circumstance requiring further discovery, but where only a fact has occurred which might be proved on taking the account prayed by the original bill, and the relief is not varied by the supplemental matter, but the plaintiff might have the relief prayed for by such bill, under the original bill, a supplemental bill is improper. If this supplemental bill were allowed, it would be a precedent, in all bills for an account, to have every six weeks a new supplemental bill."

A half century later the same principle was enunciated by the Supreme Court in a patent case. In Rubber Co. v. Goodyear, 76 U. S. (9 Wall.) 788, 800 (19 L. Ed. 566), it said:

"In taking the account the master was not limited to the date of the decree. In such cases, it is proper to extend the account down to the time of the hearing before him, unless the infringement ceased prior to that time. The rights of the parties are settled by the decree, and nothing remains but to ascertain the damages and adjudge their payment. The practice saves a multiplicity of suits, time, and expense, and promotes the ends of justice. We see no well-founded objection to it."

This rule remains unmodified by the Supreme Court and has been recognized in numerous cases, among which are the following: Knox et al. v. Great Western Quicksilver Min. Co., 6 Sawy. 430, Fed. Cas. No. 7,907; Gold & Stock Tel. Co. v. Pearce and others (C. C.) 19 Fed. 419; Tatham et al. v. Lowber et al., 4 Blatchf. 86, Fed. Cas. No. 13,-765; Morss v. Knapp (C. C.) 35 Fed. 218; Untermeyer v. Freund, 58 Fed. 205, 7 C. C. A. 183; Westinghouse Air Brake Co. v. Christensen Engineering Co. (C. C.) 126 Fed. 764; Brown Bag-Filling Mach. Co. v. Drohen (C. C.) 171 Fed. 438, affirmed 175 Fed. 576, 99 C. C. A. 192; Stebler v Riverside Heights Orange Growers' Ass'n (D. C.) 211 Fed. 985. The courts of the third circuit also recognize and apply this rule. Edison Electric L. Co. v. Westinghouse Electric & Manufg. Co. (C. C.) 54 Fed. 504; Hoe et al. v. Scott (C. C.) 87 Fed. 220; Walker Patent

Pivoted Bin Co. v. Miller (C. C.) 146 Fed. 249; Rollman Mfg. Co. v. Universal Hardware Works (D. C.) 218 Fed. 651.

[3, 4] It is clear, therefore, that the accounting before the master for alleged infringing acts is not limited to those acts occurring prior to the date upon which the original bill is filed, or to a time prior to the date of the decree, but is had as nearly as may be to the time of the coming in of the master's report. Even if there be some infringing acts which, by reason of substantial changes from the process adjudged an infringement, are not within the scope of the master's inquiry—as to which no opinion is now expressed—yet as the nature of the acts referred to in the proposed supplemental bill are nowhere disclosed, the court cannot assume that full relief may not be afforded the plaintiff under the original bill. Consequently it has not been shown that the proposed supplemental bill is either necessary or proper to obtain the relief sought by its second prayer.

May the relief sought by the first prayer of the proposed bill be obtained under the original bill? The writ of injunction heretofore issued in this cause affords to. the plaintiff in certain instances at least as full and complete relief against subsequent acts of infringement as would the injunction now prayed for. This being true, and the nature of the acts referred to in the proposed bill being nowhere disclosed, the court cannot assume that full injunctive relief may not be afforded the plaintiff under the original bill.

From the foregoing it follows that the motion for leave to file the proposed supplemental bill, so far as it is based upon allegations of continuing infringements, must be denied. As it does not appear that full relief may not be had under the original bill, it is not necessary now to determine whether under other circumstances a supplemental bill would be necessary or proper.

[5] The only matters set forth in the proposed bill, other than those heretofore considered, are the allegations dealing with the assignment of the beneficial interest in the patents in question, and with the filing of the. disclaimer. But, if these matters be otherwise properly presented, they should be unincumbered with allegations which, though not material, would probably be confusing and detrimental to the orderly progress of the cause.

The motion for leave to file the proposed supplemental bill must therefore be denied without prejudice.