**METROPOLITAN SEWING MACHINE CORPORATION v. AMERICAN PERFECT BINDER CO. et al.**

(District Court, E. D. New York. April 5, 1921.)

1. **Patents ⊂══326 (4)—Difficult question of infringement not decided on motion to punish for contempt.**

Where the question whether articles sold by defendants infringed plaintiff's patent, in violation of an injunction granted plaintiff by consent decree, presented difficult questions as to the validity and interpretation of the patents and the equivalents in the alleged infringing articles, that question will not be determined on application to punish for contempt, especially where one of the alleged articles had been purchased by plaintiff from defendants before the infringing suit and was not mentioned in that suit, and in the meantime the defendants had established their business in another district in which the question of the infringement should be tried.

2. **Patents ⊂══326 (4)—Request by defendant for determination of infringement on contempt motion does not authorize such determination.**

The attempt of defendants to have the court, on an application to punish for contempt for infringement of a patent, indicate its holding on the infringement, while at the same time reserving their objection to the court's jurisdiction, if the holding should be against them, is not to be commended, and does not require the court to pass upon the question of infringement on that application.

---

In Equity. Suit by the Metropolitan Sewing Machine Corporation against the American Perfect Binder Company and others. On application by the plaintiff to have the individual defendants adjudged in contempt of an injunction previously issued by consent. Application denied, without prejudice to bringing of separate action for infringement.

Edward S. Beach, of New York City, for plaintiff.

Meyers, Cavanagh & Hyde, of New York City (J. Granville Meyers and Richard B. Cavanagh, both of New York City, of counsel), for defendants.

CHATFIELD, District Judge. This application is brought on behalf of the plaintiff in the above-entitled action to have the individual defendants, Marcus and Bergen, adjudged in contempt of the injunction issued out of this court against the said two individual defendants and the American Perfect Binder Company, Incorporated, its officers, and the associates, agents, etc., of the several defendants, restraining them from making, using or vending, etc., any article containing the invention described in letters patent No. 1,012,776, issued December 26, 1911, to John P. Weis, and assigned to the plaintiff.

It appears from the record that the above injunction was issued in accordance with a decree entered by consent and covering each of the 12 claims of said patent. The record shows that during the month of July, 1919, the plaintiff's agents purchased from one of the two individual defendants, at their place of business in Brooklyn, a device (marked Exhibit B on this motion), and thereafter the plaintiff and defendants entered into a stipulation by which the consent decree was entered upon the complaint, which charged infringement through the manufacture and sale of a device introduced in evidence upon the present application and marked Exhibit A.

Subsequent to the 18th day of July, 1919, the business of the American Perfect Binder Company, Incorporated, and presumably the business of the individual defendants Marcus and Bergen, had been transferred to 22 West Nineteenth street, borough of Manhattan, and on June 16, 1920, another binder identical with the binder marked Exhibit B was purchased from the servants of the defendants at their New York place of business. It appears from the record that the defendants' charge for the device marked Exhibits B and C was some $2 less than the plaintiff's charge for the device which they put upon the market, and that the defendants are thus making $9 profit on an article costing $1 to manufacture, while the plaintiff's licensees, paying a royalty of $1, make $10 profit gross, but are undersold in the market by the defendants.

The defendants allege upon the present motion that the device marked Exhibits B and C was being manufactured by them prior to the entry of the decree and injunction on consent. In fact, they allege that the reason for the consent injunction was because they no longer desired to manufacture Exhibit A, and they suggest that the plaintiff did not at that time have any reason to consider that the Exhibits B and

C infringe the patent in suit, as they made no attempt to bring the device which had been purchased by them some five months previous into the action at the time of the decree. They thus plead an estoppel against the plaintiff on the present attempt to, in effect, enlarge the decree so as to include the additional device. The defendants also present upon the present application the prior art, and urge invalidity of the Weis patent, in the face of their stipulation and the consent decree that, as between the same parties, the Weis patent is valid and infringed by their previous device.

The individual defendants allege, further, that they should not be dealt with in a contempt proceeding, inasmuch as their acts, and the acts of the corporate defendant, for which they may or may not be personally liable, have been for some time committed in another district, and they therefore contest the jurisdiction of this court in adjudicating or passing upon the charge of infringement based upon those acts.

[1] It is apparent that the plaintiff is in no position to ask a court of equity to determine, on motion, the scope of the invention set forth in the patent, to examine the prior art, and to determine therefrom, not only the amount of patentable novelty covered by the plaintiff's patent, but also to discriminate between the 12 claims and to decide whether the defendants' device, Exhibit B, embodies an equivalent of those features by which the plaintiff has improved upon the prior art.

The plaintiff was in possession of Exhibit B at the time of the entry of the consent decree. It could have brought this device into the prior action, and the conduct of the plaintiff and its solicitors in that action goes far to substantiate the defendants' proposition that the plaintiff acquiesced (until business competition caused it to take further action) in the claim of the defendants that it had the right to put the device, Exhibit B, upon the market. It would be extremely difficult to determine upon a motion whether the change from Exhibit A to Exhibit B is a mere colorable variation, and the proposition is far from being so obvious as to justify determination of this issue upon a motion to punish for contempt.

It is considered still to be the practice in this district not to proceed to the determination of such issues on an application for punishment for contempt. Crown Cork & Seal Co. v. American Cork Specialty Co., 211 Fed. 650, 128 C. C. A. 154; Individual Drinking Cup Co. v. Public Service Cup Co. (D. C.) 234 Fed. 653; California Paving Co. v. Molitor, 113 U. S. 609, 5 Sup. Ct. 618, 28 L. Ed. 1106. The present application is not one where the infringement is continuing under some colorable and clearly apparent evasion, such as was discussed in General Electric Co. (C. C.) v. McLaren, 140 Fed. 876, and in many cases in other districts, where the court has been satisfied that its decree is not being respected.

On the present application, we have the further proposition that the individual defendants, while still living in this district, are doing business in another district, and that the bringing of a contempt proceeding is evidently an effort to avoid the instituting of a new action in a different district. While the court in this district should not avoid dis-

posing of the business properly before it, it seems unnecessary to undertake, on a motion, determination of issues which properly should be brought in an independent action, and which, if so brought, could be heard upon a full trial, when all defenses would be available, and when the validity of the patent sued upon, as well as its scope, would be before the court, so that the court would not be compelled to start out with a determination of validity by a consent decree.

[2] The only proposition which has led the court to give any consideration to the present application is the method which the individual defendants have pursued in defending themselves against the contempt proceedings. They have apparently joined in presenting the issues of fact raised by the attempted change in construction from the device admitted to be an infringement to the device about which complaint is now made. They have presented and argued to the court the prior art, with strong intimation that the Weis patent is actually invalid, even though admitted to be valid for the purposes of the consent decree. They have contended that the proceeding should not be brought against the individual defendants, because they are doing business in another district, but have apparently acquiesced in the proposition that the individual defendants are responsible for the acts of the corporate defendant.

Last of all, they have suggested to the court that, unless the court is of the opinion that the decision should be in their favor, they would urge upon the court the proposition that it should not inquire into the merits of the issue in a contempt proceeding. In other words, the defendants have asked the court to go to the trouble of trying, on affidavits, the suit which they claim should be brought, and to pass upon the defenses which they would interpose in that action, and to decide this action in their favor, but reserving to themselves the privilege of objecting to the court's jurisdiction, unless the court sees fit to decide in their favor.

Much time has been lost because the court has been compelled to await an opportunity to look into the propositions upon the merits, in order to find out if the apparent situation was what it seemed to be upon the argument. But this does not lead the court to be used in such a manner. The application to punish for contempt will be denied, without prejudice to the bringing of any proper action to test the alleged infringement claimed from the making and selling of Exhibits B and C, in whatever district that action may properly be brought.