## WOOSTER *v.* THORNTON.[1]

*(Circuit Court, S. D. New York.* January 26, 1886.)

1. PATENTS FOR INVENTIONS—PRACTICE BEFORE THE MASTER.
    There had been an interlocutory decree declaring a reissued patent valid, finding certain devices to be infringements, and directing an account of profits and damages. The defendant offered the original patent in evidence, for the first time, before the master, and insisted that, upon any construction of the reissue that would be valid on comparison with the original, defendant did not infringe. *Held,* that this evidence was properly rejected by the master.
2. SAME—DECREE AS TO WHAT IS AN INFRINGEMENT BINDING ON MASTER AND PARTIES.
    A decree as to what is an infringement is conclusive upon the parties and upon the master, and extends to everything substantially like the infringement decreed against. *Thomson* v. *Wooster,* 114 U. S. 104; S. C. 5 Sup. Ct. Rep. 788.
3. SAME—WEIGHT OF EVIDENCE IS A QUESTION FOR THE MASTER.
    Where the evidence as to the extent of the infringement was conflicting, and sufficient to warrant the master in finding either way, according to what was believed or disbelieved, his conclusions should not be disturbed. *Bridges* v. *Sheldon,* 7 Fed. Rep. 17.
4. SAME—LICENSE FEE.
    An established royalty or license fee is evidence, and not an absolute test, of value.
5. SAME—LICENSE FEE ESTABLISHED BEFORE INFRINGEMENT.
    It is for the master to determine, as a question of fact, whether the value of the invention, at the time of the infringement, was equal to the license fee established after the infringement, and the court cannot say, as a matter of law, that the license fee should govern.

In Equity.

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

*Frederic H. Betts*, for orator.

*Joseph C. Fraley*, for defendant.

WHEELER, J. This suit is brought upon reissued letters patent No. 5,180, dated December 10, 1870, and granted to the orator as assignee of Alexander Douglass, for an improved folding guide for turning in the edges of cloth or other material, preparatory to sewing, for binding and other purposes. The defendant offered no evidence and did not appear at the hearing; the patent had been several times adjudged to be valid; the evidence of the orator showed infringement by the defendant; and a decree was entered adjudging that the patent was valid, that the defendant had infringed, and that an account be taken by a master appointed of the profits and damages due to the infringement. The original patent was not put in evidence for the hearing in chief. The defendant offered it in evidence before the master, for the purpose of showing that there was no infringement of the reissue upon any construction of it that would be valid on comparison with the original. The master rejected this evidence, and took an account of the damages due to the extent of what was shown by the orator's evidence in chief, and adjudged by the decree, to be an infringement.

The most important question now arising is as to the propriety of this ruling by the master, raised by exceptions to his report. The later decisions upon reissued patents are relied upon largely in support of these exceptions. *Wooster* v. *Handy*, 21 Fed. Rep. 51; *Spill* v. *Celluloid Manuf'g Co.*, Id. 631; *American Diamond Drill Co.* v. *Sullivan Machine Co.*, Id. 74; *American Diamond Rock-boring Co.* v. *Gilson*, 24 Fed. Rep. 374. The question here is, however, different from the one in any of those cases, or in any similar cases which have been noticed. In those cases the interlocutory decrees were made on comparison of the reissued patents with the originals, upon the application of the principles of law bearing upon that subject, as they were understood at the time. Before final decrees were made that understanding was changed by the later decisions of the supreme court, and the final decrees were adapted to the later view. This interlocutory decree was made before that change, but the change would not affect the decree as it was made on the case presented. There was nothing in the case touching the validity of the reissue, to be considered. The reissue was granted to the orator, and would stand valid until overthrown by competent proof. The interlocutory decree was right when made, and is right now, both as to validity of the patent and as to infringement, as the case is now made to appear and is understood. The argument is that the question is one of infringement, and that such questions are always open before the master. But the decree as to the fact of infringement, and that what was adjudged to be an infringement is an infringement, is as conclusive upon the parties and upon the master as it is with reference to anything else covered by it. *Thomson* v. *Wooster*, 114 U. S. 104; S. C.

5 Sup. Ct. Rep. 788. This extends to everything that is substantially like the infringement decreed against for which the defendant is responsible. If there was something claimed to be an infringement which had not been passed upon by the decree, then the question concerning that would be open before the master to be passed upon by him. Here there was nothing before the master that was substantially different from the device covered by the decree. The question whether these things were infringements or not could not be passed upon by the master without reviewing the decree in that respect. This was not within his province, and his decision that he would not enter upon it appears to be correct.

The evidence as to the extent of the infringement was quite conflicting. It was sufficient to warrant a finding either way, according to what should be believed and disbelieved. The question of belief or disbelief was for the master, and no reason for disturbing his conclusions is made apparent. *Bridges* v. *Sheldon,* 18 Blatchf. 295; S. C. 7 Fed. Rep. 17.

There was infringement before any license fee or royalty had been established. The orator insists that the amount of the license fee should be applied as a rule of damages to that infringement, as it does not appear but that the value was the same then as afterwards. The master has found the profits of that infringement to the defendant's firm, and has not found damages otherwise. It is understood that an established royalty or license fee is evidence, and not an absolute test, of value. Whether the situation was such that the value was equal to the license fee before the latter became established, was a question of fact for the master. The weight of the evidence was for him. The court cannot say, as a matter of law, that the license fee, which did not become established until afterwards, should govern. *Suffolk Co.* v. *Hayden,* 3 Wall. 315; *Packet Co.* v. *Sickles,* 19 Wall. 611; *Birdsall* v. *Coolidge,* 93 U. S. 64. As the master has not found any damages for that infringement beyond the profits, it does not appear that anything more than the profits can be allowed.

These considerations dispose of all the exceptions. Exceptions overruled, report accepted, and confirmed, and decree to be entered accordingly.