## WARFORD CORPORATION et al. v. BRYAN SCREW MACH. PRODUCTS CO. et al.

### No. 5331.

Circuit Court of Appeals, Sixth Circuit.
Nov. 5, 1930.

Daniel L. Morris, of New York City (M. S. Rupert, of New York City, and Albert Lynn Lawrence, of Cleveland, Ohio, on the brief), for appellants.

Ray Martin, of Toledo, Ohio (F. F. Crampton, of Toledo, Ohio, Ira J. Wilson, of Chicago, Ill., and Marshall, Melhorn, Marlar & Martin, of Toledo, Ohio, on the brief), for appellees.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

MOORMAN, Circuit Judge.

The Chrysler Corporation is the owner of the law patent 1,010,273 for a speed changing mechanism for automobiles. Its predecessor in ownership, The Maxwell Motor Car Company, granted the Warford Corporation a license under the patent upon a royalty basis to manufacture and sell the invention, with the exclusive right to sell it as an auxiliary for Ford automobiles. It also granted the licensee the right to sue for infringement of the patent in its exclusive field. The Bryan Screw Machine Products Company manufactures automobile transmissions, and the Chicago Transmission Company is a selling agency for the Bryan Company. This suit was brought by the Warford Company and the Chrysler Company against both the Bryan Company and the Chicago Company for infringement of the patent. The bill alleged inter alia that in an action in the District Court for the Northern District of Ohio by the former owner and the Warford Corporation against Riordan, the patent was sustained and adjudged infringed by the same device alleged to infringe in this proceeding. It also alleged that the defendants herein were parties privy to that proceeding and were bound by the decree therein. The defendants denied that they were bound by the decree in that case. They also denied validity and infringement, and by way of confession and avoidance asserted the defense of equitable estoppel arising from laches in commencing the earlier case. By counterclaim they alleged unfair competition by misuse of the decree in the former case, and they sought an injunction, enjoining and restraining plaintiffs from such further practices. Upon the hearing plaintiffs' motion for an injunction was denied, their bill dismissed, and the injunction prayed for in the counterclaim granted.

There can be no doubt that the decree in the Riordan case is conclusive and binding upon the parties of record in that proceeding, not only as to all matters therein adjudicated, but also as to every matter which might have been offered to sustain or defeat the claims and defenses therein asserted. The primary question here is whether the defendants in this proceeding were in privity with Riordan in the former case as alleged in the bill. The evidence on that point is not in dispute. In May of 1925 suit was brought against Riordan, who was superintendent and factory manager of the Bryan Company, and who had a contract for selling that company's transmissions in a defined district, including Cleveland. Upon the filing of the suit, counsel for the Bryan Company began negotiations with Mr. Crampton, attorney for the plaintiffs, looking to a settlement of the suit and the taking out of a license for the patent by the Bryan Company. Answer in the form of a general denial was filed under an agreement with plaintiffs' counsel that at any time within thirty days it could be amended without objection. Later interrogatories were filed which were answered by plaintiffs, and stipulations were entered into from time to time extending the time of trial. While these court proceedings were taken in the name of Riordan, defendant of record,

he was the nominal defendant only, the Bryan Company being the real defendant in interest. The proofs show that that company, upon the filing of the suit, immediately took charge and control of the case through its attorney whom it employed and paid and who, in addition to filing an answer and interrogatories, made an investigation of the prior art in Washington and New York in preparation for trial. We think it was in privity with Riordan in that action. Penfield v. C. & A. Potts Co., 126 F. 475 (6 C. C. A.); Van Kannel Revolving Door Co. v. Winton Hotel (D. C.) 263 F. 988; Beyer Co. v. Fleischmann Co., 15 F.(2d) 465 (6 C. C. A.); Carson Inv. Co. v. Anaconda Copper Mining Co. (C. C. A.) 26 F.(2d) 651; Zip Mfg. Co. v. Pep Mfg. Co., 27 F.(2d) 219 (6 C. C. A.); Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294, 37 S. Ct. 506, 61 L. Ed. 1148.

But it is said that the decree was not binding upon the Bryan Company because it was in the nature of a consent decree. We do not agree that it was a consent decree. The court required proofs of every matter put in issue by the answer, and while the decree was in the nature of a default decree, it was not the less binding upon the privies as well as the parties. It has been held that in a suit in equity to restrain infringement of a patent and for an accounting, the defendant cannot again question the validity of the patent after a decree pro confesso establishing its validity. Thomson v. Wooster, 114 U. S. 104, 5 S. Ct. 788, 29 L. Ed. 105; Last Chance Mining Co. v. Tyler Mining Co., 157 U. S. 683, 15 S. Ct. 733, 39 L. Ed. 859. And it has further been held that such a decree is conclusive of all matters that were litigated or could have been litigated, not only on the parties, but also on all those in privity with them. American Bell Telephone Co. v. National Improved Telephone Co. (C. C.) 27 F. 663; Board of Commissioners v. Platt (C. C. A.) 79 F. 567; Robbins v. Chicago, 4 Wall. 657, 18 L. Ed. 427. It is true that Judge Anderson said in I. T. S. Rubber Co. v. Essex Rubber Co. (D. C.) 270 F. 593, 608 (C. C. A. case 281 F. 5) that he knew of no case in which a default decree had been held to be "an estoppel to strangers to the record"; but he also pointed out, as conclusive of the question as there presented, that the defendant was neither a party defendant nor "chose, by assuming with the assent of the real defendant, to take control of the litigation and to try the merits." Thus that case turned on a finding of a lack of privity, as did the two cases cited in the opinion, the Westinghouse Electric & Mfg. Co. Case (C. C.) 128 F. 751, and the Stromberg Motor Devices Case (D. C.) 220 F. 154. The American Electrical Novelty Co. Case (C. C.) 99 F. 567, simply holds that a decision sustaining a patent in a noncontested case will not entitle the patentee to a preliminary injunction in another suit. The facts in that case are not stated, and there is no authority or reason given by the court for the conclusion arrived at. The reason for holding a judgment binding upon those who are not formal parties, though they have the right and power to control the litigation, is that they, being the real parties in interest, have had their day in court. In the Riordan suit the Bryan Company was the real party in interest. It manufactured the device alleged to infringe, employed and paid counsel to defend the suit, had such preparation made as it thought necessary to conduct the defense, and had complete control of the litigation.

Every defense which the Bryan Company is now making in this proceeding could have been made by it in the former case. The mechanism alleged to infringe here is the mechanism adjudged to infringe there. The real parties in interest are the same. If this were an action against Riordan, it could not be doubted that he would be estopped to make the defense of laches. The Bryan Company occupies the same position that Riordan would occupy in such case. It was the real defendant in the former case, and, having failed to assert the defense in that case, it is precluded from doing so in this one. There is and can be no claim of any laches on the part of the plaintiffs arising after that adjudication. The result is that the decree as to the Bryan Company must be set aside and the cause remanded for an accounting. The questions of the validity and infringement of the patent as between the plaintiffs and the Chicago Company seem not to have been fully presented to or considered by the court below. Besides, the record is not clear as to the relation of the Chicago Company to Riordan, nor as to its relations with the Bryan Company. The decree in favor of the Chicago Company is therefore set aside and the cause remanded for such further proceedings as may be found necessary in view of the accounting to be had against the Bryan Company. The injunction granted the Bryan Company is vacated and set aside; and, it not appearing from the showing in this record by the Chicago Company that it is entitled to such an injunction, the decree in that respect is also vacated and

set aside, but without prejudice to a complete further hearing in the court below as to the status and rights of that company. Appellants will recover their costs in this court against the Bryan Company, but none against the Chicago Company.