## COCA–COLA CO. v. STANDARD BOT-TLING CO.

### No. 2740.

Circuit Court of Appeals, Tenth Circuit.

Nov. 8, 1943.

Rehearing Denied Dec. 20, 1943.

John A. Sibley, of Atlanta, Ga. (Edward S. Rogers, Lloyd Paul Stryker, and Harold W. Wolfram, all of New York City, and Winston S. Howard and Pershing, Bosworth, Dick & Dawson, all of Denver, Colo., on the brief), for appellant.

W. W. Grant, of Denver, Colo. (Morrison Shafroth and Henry W. Toll, both of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant manufactures a cola drink under the trade-name of Coca-Cola. It has been engaged in the sale and distribution of this drink in Denver, Colorado, for a long number of years. Appellee likewise has been engaged in bottling and selling soft drinks in Denver for many years. Prior to 1925 it also had produced and sold a cola drink.

On March 12, 1925, in an action instituted by appellant against appellee, a consent decree was entered in the District Court of the United States for the District of Colorado enjoining appellee from: (A) Substituting a spurious syrup or beverage for the product of the Coca-Cola Company; (b) selling and delivering, in re-

sponse to calls for Coca-Cola, anything but that product; (c) marketing a product of the same identical or similar color which might be used as a substitute for Coca-Cola; (d) selling any beverage other than the product of the Coca-Cola Company having the distinctive color of that company's product or any approximation thereof as may likely deceive the public without such differentiation as would effectively prevent passing off a spurious product as and for the product of the Coca-Cola Company; (e) selling any product under the names Cherry and Cola, Ayer's Cola, Standard Cola, or any like word, name or names, or words that are colorable imitations of the trade mark "Coca-Cola"; (f) selling any product other than genuine Coca-Cola upon calls for "coke."

After the entry of this decree, appellee discontinued the production and sale of a cola drink. On September 3, 1941, appellee filed an application in the original case seeking a modification of the decree that would permit it to sell a cola drink under a name label containing the word "cola." The court made findings of fact and conclusions of law. It concluded as a matter of law that since the entry of the original decree, conditions and circumstances and controlling facts of equity had materially changed; that appellant did not have any exclusive right to the word "cola", except its own trademark of "Coca-Cola"; that the use of the word "cola" in combination with other words in the naming or designation of a drink was not an infringement of the trademark "Coca-Cola" unless the name used was deceptively similar.

Judgment was entered modifying the original decree so as to permit appellee to use the word "cola" both descriptively and in the name or trademark of any beverage it might bottle or sell under the general classification of beverages known as Cola drinks. The modified decree specifically provided that neither the trademark, name label, color scheme of the labels, appearance of the bottles, containers or advertising matter of appellee should be deceptively similar to those of the appellant.

■ There can be no doubt as to the power of a court of equity to modify an injunctive decree. It is only necessary to cite United States v. Swift & Co., 286 U.S. 106, 52 S.Ct. 460, 462, 76 L.Ed. 999, where the court said: "We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions, though it was entered by consent. * * * A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need."

■ The court, in the Swift & Company case, also passed upon the contention of appellant that a consent decree constitutes a contract between the parties and may not thereafter be modified. Concerning this, the court said: "We reject the argument for the interveners that a decree entered upon consent is to be treated as a contract and not as a judicial act * * * but in truth, what was then adjudged was not a contract as to any one."

Appellant relies upon Thompson v. Maxwell, 95 U.S. 391, 24 L.Ed. 481; O'Cedar Corp. v. F. W. Woolworth & Co., 7 Cir., 66 F.2d 363; and 30 C.J.S., Equity, §§ 680, 682, to sustain it in its position that a consent decree is like a contract and cannot be modified. A careful analysis of these citations will establish that they are not in conflict with the general principles laid down in United States v. Swift & Co., supra. In the Thompson case a consent decree was entered, effectuating an agreement as to the division of land claimed by the parties to the litigation. In the O'Cedar Corporation case, an agreement had been reached that certain labels used by defendant were infringements on plaintiff's labels and that certain other labels were lawful. A consent decree was entered enjoining defendants from using the proscribed labels. In the one case the question involved was the title and ownership of specific land; in the other, the right to the use of specific labels. The court held that the consent decree had the same effect as if entered upon the merits. The court, in the O'Cedar Corporation case [66 F.2d 366], said: "Generally speaking, it may be said that as between parties sui juris and in the absence of fraud, a decree of the court having jurisdiction of the subject matter rendered by consent of the parties, though without any ascertainment by the court of the truth of the facts averred, is as binding and conclusive between the parties and their privies as if the suit had been an adversary one."

30 C.J.S., Equity, § 680, states that: "While it has been held that a consent decree is not res judicata, it has also been held that a consent decree is as much a final decree and as conclusive on the par-

ties as a decree rendered after trial on the merits."

We know of no case which holds that a consent decree imposing a continuing injunction deprives the court of its supervisory jurisdiction in the matter.

 The Supreme Court in the Swift & Company case clearly lays down the distinction between cases in which the decree may not be modified and those in which modification may be had. Concerning this, the court said: "The distinction is between restraints that give protection to rights fully accrued upon facts so nearly permanent as to be substantially impervious to change, and those that involve the supervision of changing conduct or conditions and are thus provisional and tentative."

At the time of the entry of the decree, appellant and appellee were the only ones selling a cola drink in Denver. After the entry of the decree, appellee ceased selling a cola drink and left the field entirely to appellant. But conditions have changed greatly since then. Under numerous decisions in many courts, it has been held that appellant has no exclusive right to the use of the word "cola" standing alone or to any combination including the word "cola", except its own trademark of Coca-Cola. As a result, many cola drinks similar in color and taste to that sold by appellant are sold in Denver and in all parts of the country. A few of them are Pepsi-Cola, Cleo-Cola, and Royal Crown Cola. All of these drinks are being sold in Denver in competition with that of appellant. As a matter of fact, any company other than appellee could manufacture and sell, without restraint, a cola drink of the same color as that of appellant under the names of Cherry and Cola, Ayer's Cola or Standard Cola.[1] It also appears from the record that appellee has had opportunities to enter into a distributor's contract for the sale and distribution of Pepsi-Cola and other cola drinks, but on account of the injunction has been unable to enter into such a contract. Inability on its part to execute such contracts has, however, been of no advantage to appellant because other distributors are distributing Pepsi-Cola and other cola drinks in Denver. The question then simply simmers down to this: Shall appellee be denied the right to market a cola drink of the color and flavor necessary to make it salable under such conditions as will assure the appellant full protection of its distinctive trade name and style of containers, when many others may, and are, doing just that in appellant's trade territory?

 28 Am.Jur., Injunctions, Sec. 323, p. 495, very aptly states the rule as follows: "Where the grounds and reasons for which the injunction was granted no longer exist by reason of the changed conditions, it may be necessary to alter the decree to adapt it to such changed conditions. * * * On application to modify the decree, the inquiry is simply whether changes since its rendition are of sufficient importance to warrant such modification."

 We think that such clearly is the situation here, and that the trial court was well within its equitable discretion in modifying the decree as it did. The modified decree very carefully protects appellant's exclusive use of its trade name, distinctive containers, and advertising matter which it uses.

Affirmed.

---

[1] These were the names under which appellee was selling its cola drinks at the time of the original injunction.