**ABA DISTRIBUTORS, INC., Plaintiff,**

v.

**ADOLPH COORS COMPANY,**
**Defendant.**

**No. 80–0298–CV–W–1.**

United States District Court,
W. D. Missouri, W. D.

Jan. 9, 1981.

See also, D.C. 496 F.Supp. 1194.

Harry P. Thomson, Jr., Shughart, Thomson & Kilroy, Kansas City, Mo., for plaintiff.

Kent E. Whittaker, Hillix, Brewer, Hoffhaus & Whittaker, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER RULING DEFENDANT'S MOTION TO MODIFY

OLIVER, Senior District Judge.

### I.

On November 7, 1980, the Court of Appeals remanded this case in part with directions that this Court consider the merits of defendant Coors' motion to modify "provided that appellant complies with the terms of the preliminary injunction up to the time of its Notice of Appeal." (A copy of the Court of Appeals' November 7, 1980 order is attached as Appendix A.)

For reasons which are apparent from the files and records, this Court was not able to close the record on the pending motion to modify until January 6, 1981. Final briefing was concluded the following day and defendant Coors' motion to modify filed August 15, 1980 is at long last in posture for ruling on the merits. That motion will be granted to the extent stated in the formal orders that will be entered.

### II.

Exemplary compliance by counsel for the parties with procedures directed in connection with the final hearing of the pending motion establishes that the following findings of fact, some of which were proposed by the plaintiff and some of which were proposed by the defendant, are not in dispute although a few of those facts were objected to on the basis of relevancy.

### Findings of Fact

1. ABA Distributors, Inc., (ABA) was terminated as a distributor by Adolph Coors Company (Coors) on March 21, 1980.

2. ABA filed suit against Coors on March 25, 1980, requesting, among other things, a temporary restraining order (TRO) and preliminary and permanent injunctive relief.

3. This Court entered its temporary restraining order on March 27, 1980, upon terms agreed to by both parties, pursuant to which, among other things, defendant was ordered to pay to plaintiff $125,000 per month until June 30, 1980 or the expiration of the order if the same be extended, and plaintiff was ordered to post a bond in the amount of $200,000 for the payment of damages suffered by defendant if it were found that defendant had been wrongfully restrained.

4. Between March 27 and June 27, 1980 defendant paid to plaintiff the $125,000 per month required by the temporary restraining order, totaling $375,000.

5. ABA has at all times maintained the required amount of security on deposit in the registry of the Court.

6. The hearing on the preliminary injunction commenced on June 30, 1980.

7. At the hearing, the parties agreed to extend the TRO in order to allow the District Court time to hear the evidence and rule on the preliminary injunction.

8. Upon conclusion of the hearing, the Court requested additional time in which to fully consider the testimony, exhibits and depositions introduced at the hearing, and to allow the parties time to prepare find-

ings of fact, conclusions of law and briefs on the issues.

9. ABA agreed to an extension of the TRO, but Coors indicated that it was unwilling to continue monthly payments to ABA.

10. The Court indicated its willingness to consider motions to modify the terms of the TRO by either party.

11. Coors then agreed to an extension of the TRO until August 15, 1980 (later extended by Order of the Court until August 19, 1980).

12. On July 3, 1980, and at the request of the Court to allow it to more fully consider the evidence presented to it with respect to plaintiff's motion for a preliminary injunction, the temporary restraining order was extended ultimately until August 19, 1980, and further extended by agreement of the parties until such time as the Court could issue its ruling on the preliminary injunction. (A copy of this Court's order of July 3, 1980 is attached as Appendix B.)

13. Coors filed its Motion to Modify on August 15, 1980.

14. On September 3, 1980, the Court entered a preliminary injunction in favor of ABA against Coors. [See *ABA Distributors, Inc. v. Adolph Coors Co.*, 496 F.Supp. 1194 (W.D.Mo.1980)].

15. Another order entered September 3, 1980 provided that a pretrial conference was to be held at the earliest possible date in order to consider, among other things, Coors' Motion to Modify.

16. On September 10, 1980, the Court convened a pretrial conference in order to discuss Coors' Motion to Modify but that conference was continued at the request of the parties.

17. On September 19, 1980, ABA filed its Motion and Suggestions to Hold Defendant in Contempt of Court and to Impose Sanctions for failure to make monthly payments as required by the TRO and preliminary injunction.

18. On October 2, 1980, this Court entered a Memorandum and Orders denying Coors' Motion to Modify and ABA's Motion for Contempt.

19. Coors' Motion to Modify was denied for failure to make the monthly payments required by the TRO and preliminary injunction.

20. The Court indicated that upon Coors' compliance with the terms of the TRO and preliminary injunction, the Court would reconsider Coors' Motion to Modify.

21. On October 16, 1980 Coors filed a Motion for Stay of the Preliminary Injunction with the United States Court of Appeals for the Eighth Circuit.

22. On November 7, 1980, the Eighth Circuit denied Coors' Motion for Stay, and remanded the cause to this Court to reconsider Coors' Motion to Modify "provided that appellant complies with the terms of the preliminary injunction up to the time of its notice of appeal."

23. On November 25, 1980 ABA requested that this Court reschedule the contempt proceeding.

24. On December 2, 1980, this Court entered an Order directing Coors to show cause why it should not be held in contempt for failure to make payments under the TRO and preliminary injunction.

25. Coors made no payments to ABA until December 4, 1980, when it made a partial payment of $125,000.

26. Coors paid ABA $125,000 on December 4, 1980 under its theory that since the preliminary injunction was entered on September 3, 1980 and Coors' Notice of Appeal was filed on October 3, 1980, only one month's payment was due under the Eighth Circuit's Order, rather than full compliance with all orders of this Court, including the TRO.

27. On December 8, 1980, this Court, at the request and with the approval of counsel for the parties, wrote to the Eighth Circuit requesting clarification of the Eighth Circuit's Order of November 7, 1980.

28. On December 11, 1980, Judge Myron H. Bright responded by stating in part that the November 7, 1980 order of the Court of Appeals "directed the district court to con-

sider the merits of appellant's motion for modification when and if Coors makes up its delinquencies in payments." (A copy of Judge Bright's letter is attached as Appendix C.)

29. After receipt and consideration of Judge Bright's letter of December 11, 1980, Coors, on December 17, 1980, paid plaintiff the monies due under the terms of the TRO and preliminary injunction up until October 3, 1980 in the sum of $275,000.00.

30. Coors has made no payments under the terms of the preliminary injunction due since October 3, 1980.

Additional facts will be found in later parts of this Memorandum Opinion.

### III.

In considering the pending motion to modify, it is appropriate to keep in mind the fact that the order entered by this Court on July 3, 1980, which extended the March 27, 1980 temporary restraining order to and including August 15, 1980, pursuant to the agreement of the parties, further provided that "both parties are granted leave to file a motion or motions to modify, as of July 1, 1980, any or all terms and conditions of said Temporary Restraining Order at any time on or before August 15, 1980, including any motion by defendant to modify said Order based on an examination of the books and records of plaintiff with respect to its expenses."

Paragraph (2) of the July 3, 1980 order granted defendant Coors access to all books and records of the plaintiff at and for such time as defendant Coors might request upon 24 hours notice. Paragraphs (3) and (6) of the July 3, 1980 order established procedures under which the parties were afforded the opportunity to consolidate plaintiff's motion for preliminary injunctive relief with plaintiff's prayer for permanent injunctive relief, and to obtain a prompt hearing of the consolidated proceeding should any additional hearing be required under the circumstances. The Court agreed that such a hearing would be conducted during the week of August 4, 1980 or the week of August 11, 1980 if the parties indicated that such a hearing was necessary at some time prior to August 1, 1980. Consolidation of the two proceedings, together with a prompt hearing to receive any additional evidence that might have been required in connection with plaintiff's prayer for permanent injunctive relief would have permitted this Court either to grant or to deny permanent, as distinguished from temporary, injunctive relief. Such action would have mooted any question that might relate to the granting or denial of temporary injunctive relief.

Plaintiff has consistently stated that it was agreeable to the consolidation contemplated by paragraphs (3) and (6) of the order of July 3, 1980. Plaintiff has also stated that it had no additional evidence it wished to adduce in support of its prayer for permanent injunctive relief. Defendant Coors, however, has with equal consistency stated that it would not agree to the consolidation of plaintiff's motion for preliminary injunctive relief with plaintiff's prayer for permanent injunctive relief. Defendant Coors has also stated, at least in a most general and conclusory manner, that it might have some additional evidence to adduce in regard to whether plaintiff's prayer for permanent injunctive relief should be granted or denied.

It is thus clear that because of the position taken by defendant Coors, the parties were not able to agree to the consolidation procedures provided in Paragraphs (3) and (6) of the July 3, 1980 order which, assuming a prompt decision on the part of this Court, would have mooted any and all questions concerning the granting or denial of temporary, as distinguished from permanent, injunctive relief. Rather, defendant Coors elected to file a motion to modify pursuant to the leave granted in Paragraph (1) of the order of July 3, 1980.

Defendant Coors' motion to modify and the suggestions in support of that motion were timely filed on August 15, 1980. That motion recited that the temporary restraining order initially entered March 27, 1980 was extended to and including August 19, 1980, that it had conducted the authorized examination of plaintiff's books and records, and prayed that the temporary re-

straining order be modified as set forth in Coors' supporting suggestions filed the same day.

The following was stated on page 2 of defendant Coors' supporting suggestions filed August 19, 1980:

Through June, 1980 defendant paid, pursuant to the Order, $375,000. If plaintiff's fixed and unavoidably ongoing expenses are approximately $30,000 per month, or even $60,000 per month as plaintiff itself suggests to the Court, defendant has already paid far in excess of the amount which it would be obligated to pay by the extension of the Order through August 19, 1980. Accordingly, defendant submits that the Order should be modified so that no further payments need be made by defendant to plaintiff after July 1, 1980 by virtue of the extension of said Order from and after that date, and that plaintiff refund to defendant the amount by which the payments already made—$375,000—exceed the necessary expenses actually paid from March 27 through August 19, 1980.

The undisputed facts above stated make clear that as of the time defendant Coors filed its motion to modify on August 15, 1980 it was already in substantial default of the payments which it agreed to make under the orders of the Court initially agreed upon March 27, 1980. It is also clear that as of August 15, 1980, defendant Coors was claiming that the terms of the March 27, 1980 order in which it had agreed to pay plaintiff $125,000 a month should be completely rewritten as of that date and that a substantial portion of the $375,000 it had already paid up to and including June 27, 1980 should be refunded to it.

Defendant Coors' currently proposed findings of fact were based upon the same assumption that "the circumstances with respect to plaintiff's expenses have changed since March 27, 1980" (¶ 7). Defendant Coors proposed that this Court should make a finding that the "reasonable expenses which plaintiff incurred from March 27, through August 31, 1980 in keeping its organization intact have approximated $35,-000 per month" (¶ 9). Defendant Coors contends that its proposed findings of fact support its proposed conclusions of law that "the expenses reasonably incurred by plaintiff from March 27 through August 19, 1980 are $165,000" (¶ 14), and that "plaintiff should be required to refund to defendant all amounts paid by defendant under or pursuant to the temporary restraining order subsequent to July 1, 1980" (¶ 15).

Paragraph 1 of the order proposed by defendant Coors on January 6, 1981 also made clear that it believes that the plaintiff should be ordered to "return to defendant all amounts received by it under or pursuant to the temporary restraining order with respect to any time subsequent to June 3, 1980," an amount of money stipulated to be approximately $400,000.00.

We discuss first the question of whether defendant Coors has carried the burden of establishing any ground for retroactive modification of the terms of the temporary restraining order under which it agreed to pay plaintiff $125,000 per month from March 27, 1980 until June 30, 1980. We think not for reasons which may be briefly stated.

Defendant Coors helpfully cited and relied upon *Coca-Cola Co. v. Standard Bottling Co.*, (10th Cir. 1943) 138 F.2d 788. That case quoted and applied the following principle as stated in *O'Cedar Corp. v. F. W. Woolworth & Co.*, (7th Cir. 1933) 66 F.2d 363:

Generally speaking, it may be said that as between parties *sui juris* and in the absence of fraud, a decree of the court having jurisdiction of the subject matter rendered by consent of the parties, though without any ascertainment by the court of the truth of the facts averred, is as binding and conclusive between the parties and their privies as if the suit had been an adversary one.

■ There is not the slightest suggestion that defendant Coors was somehow induced by fraud to agree to pay the plaintiff $125,-000 per month during the effective period of the temporary restraining order as agreed to and presented to this Court on

March 27, 1980. We therefore find and conclude that defendant's motion to modify should be denied in regard to the modification of any of the terms and conditions of the agreed order entered March 27, 1980 in regard to any period prior to July 1, 1980.

The question of whether the $125,000 monthly payments should be decreased as of July 1, 1980 or whether those payments should be increased as of July 1, 1980 will now be discussed and ruled.

## IV.

Both parties to this action have requested modification of the $125,000.00 monthly payments by defendant Coors which were continued and incorporated in the preliminary injunction entered September 3, 1980. We have concluded that the amount of those monthly payments should be reduced, for reasons we now state.

The purpose of a preliminary injunction is to maintain the status quo between the parties pending a final determination of the issues on the merits. *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804 (9th Cir. 1963); *Washington Capitols Basketball Club v. Barry*, 304 F.Supp. 1193, 1196 (N.D. Calif.1969).

Inquiry into the respective purposes of the parties in agreeing initially to a payment of $125,000 per month by Coors to ABA is neither required nor relevant in determining the merits of defendant Coors' motion to modify. Cf. *United States v. Armour & Co.*, 402 U.S. 673, 681, 91 S.Ct. 1752, 1757, 29 L.Ed.2d 256 (1971) (purposes of parties in entering into consent decree not relevant to interpretation of decree). The purpose of temporary injunctive relief in this case, irrespective of the original individual motivations of the parties, is to prevent irreparable injury to the plaintiff by preserving its business intact to permit it, should plaintiff prevail on the merits, to either reenter or dispose of that business.

■ It is clear that this Court has continuing supervisory power to grant or to deny the pending motion to modify. *United States v. Swift*, 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932) (the court has inherent power to modify the terms of an injunction as they impact on defendant whether con-

sented to by the parties or determined after litigation).

In this case, however, we, unlike the court in *Swift & Co.*, are no longer dealing with a term clearly consented to by defendant. In this Court's order of July 3, 1980, it was specifically recognized that the parties had agreed to the extension partially to allow the Court time to rule plaintiff's motion for a preliminary injunction. That order granted both parties the right to file a motion to modify the terms of the temporary restraining order as of July 1, 1980. The defendant was specifically granted the right to file its motion to modify based on an examination of the books and records of plaintiff with respect to its expenses. We are satisfied that modifications should be made, both in regard to the amount of monthly payments and in regard to the amount of the security bond, in order to accommodate existing circumstances.

■ The evidence submitted by the parties with respect to the motion to modify reveals that there is no substantial dispute as to plaintiff's business expenses. Defendant has admitted that the figures set forth in plaintiff's proposed findings of fact numbers 38 and 41 accurately state plaintiff's expenses. The parties disagree, however, as to which categories of plaintiff's expenses should properly be included in any payment made by Coors to keep plaintiff's business intact.

We have concluded that $125,000 per month exceeds the sum reasonably necessary to enable plaintiff to maintain his business intact. Plaintiff is entitled neither to payments for legal and accounting fees nor payments compensating him for his estimated loss of profits.

Plaintiff's business expenses including legal fees for the five month period from April through August, 1980 are set forth in plaintiff's proposed finding number 38 as follows:

| | |
|---|---|
| April | $102,942.86 |
| May | 88,255.20 |
| June | 97,523.88 |
| July | 94,734.19 |
| August | 95,298.34 |

The average monthly expenditure is $95,-750.89. When the average monthly expenditure for plaintiff's legal and accounting fees ($18,661.69), as set forth in plaintiffs' proposed finding of fact number 41, is subtracted from this figure, plaintiff's expenditures justifiable to preserve his business are approximately $77,000.00 per month. We shall enter an order modifying and reducing the amount of defendant Coors' monthly payments to $77,000.00 per month.

### V.

Plaintiff's proposed finding of fact (¶ 43) would have the Court find that the combined five month average for plaintiff's expenses and estimated pretax income (based on 1979 pretax income figures) amounted to $145,179.09. Plaintiff's proposed conclusion of law, based on the foregoing proposed finding of fact, would have the Court conclude that "monthly payments in the amount of $145,000 from Coors to ABA will best approximate the last uncontested status between the parties pending an expedited hearing on the merits." The reasons stated in support of our view that the present monthly payment should be reduced support our refusal to increase those payments as proposed by the plaintiff.

### VI.

■ Determination of defendant Coors' alternative motion to increase the amount of the bond is simplified by defendant Coors' agreement with plaintiff's proposed conclusion of law which stated that "the security to be posted by ABA should be in an amount sufficient to reimburse Coors for any actual damages it may suffer should the TRO preliminary injunction be found to have been improvidently granted" (¶ 5) and by its reliance upon *Stockslager v. Carroll Elec. Cooperative Corp.*, 528 F.2d 949 (8th Cir. 1976). *Stockslager* involved an appeal from a district court order granting a preliminary injunction conditioned upon plaintiff's posting of a $10,000 bond. In disposing of appellant's contention, the Court of Appeals found it necessary only to look to and quote Rule 65(c) of the Rules of Civil Procedure and to add the following:

The amount of the bond rests within the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of that discretion. *Commonwealth of Puerto Rico v. Price Commission*, 342 F.Supp. 1308, 1309–1310 (D.P.R.1972); 7 J. Moore & J. Lucas, Moore's Federal Practice 65–94–65–95 (2d ed. 1975). (*Id.* at 951)

The portion of paragraph 65–09 of Moore's Federal Practice, pp. 65–94 and 65–95, cited and relied upon by the Eighth Circuit in *Stockslager*, states the following:

Bearing in mind the purpose of security, the amount of security is to be determined by the trial court in the exercise of a sound discretion. Necessarily, if a restraining order is granted at the beginning of an action, the amount of security adequate for a defendant's protection is a matter of estimate in light of the circumstances of the case and the fact that the duration of the restraining order is limited in time; even at the preliminary injunction stage the amount remains an estimate; although at this point the development of the case and the court's decision to grant a preliminary injunction probably make the estimate less conjectural, even though the preliminary injunction has no fixed time limit to run. And so long as the restraint or injunction continues a party may move the court to increase or reduce the amount of security.

Professor Moore cited the Eighth Circuit's oft-cited opinion in *International L. Garment Work. Un. v. Donnelly G. Co.*, 147 F.2d 246 (8th Cir. 1945), *cert. den.* 325 U.S. 852, 65 S.Ct. 1088, 89 L.Ed. 1972 (1945), to support the above quotation. In addition to stating the principle paraphrased by Professor Moore, *Donnelly Garment* also reiterated the additional established proposition that the "weight of authority in the Federal courts is that a recovery in excess of the maximum amount stipulated in a judicial bond is not permissible."

The possibility that the second principle stated in *Donnelly Garment* might at some time be called into play during the course of the pending litigation requires that defendant Coors' alternative motion to increase

the amount of security bond be granted. We believe that appropriate consideration should be given the fact that when the parties agreed in March, 1980 that a bond of $200,000 would be adequate, it was obviously anticipated that defendant Coors would probably pay plaintiff approximately $375,000 before the agreed June 30, 1980 expiration date as contained in the agreed March 27, 1980 temporary restraining order.

In spite of the fact that most of the delay in processing the equitable issues presented in regard to defendant Coors' *ex parte* termination of plaintiff's distributorship may have been occasioned by positions which defendant Coors has elected to take, it is not proper to disregard the fact that defendant Coors has paid substantially more than the approximately $375,000 which the parties anticipated when they agreed on the terms of the temporary restraining order which they presented to this Court for its approval and entry on March 27, 1980.

We are satisfied that under all the facts and circumstances the amount of the bond to be required of plaintiff should be increased to reflect a ratio reasonably comparable to that established by the parties in the agreed order of March 27, 1980.

Professors Wright and Miller in Section 2954, p. 525 of Volume 11 of their Federal Practice and Procedure observed that:

> Given the court's discretionary power under Rule 65(c), the imprecise measure of some of the elements of damage, and the varying ability of defendants to establish their contemplated injuries, courts have responded to the obligation to set security by requiring a variety of dollar amounts to be posted by a successful applicant as a prerequisite to the issuance of injunctive relief.

The parties' disagreement in regard to the amount of the bond is as sharp as their disagreement in regard to the amount of the monthly payments. We have attempt-ed to modify both of the existing provisions of the preliminary injunction consistent with our considered view of the equities of the case.

Accordingly, an order will be entered increasing the amount of bond to be posted by the plaintiff from $200,000 to $450,000.

## VII.

For the reasons stated, it is

ORDERED (1) that defendant Coors' August 15, 1980 motion to modify should be and the same is hereby granted to the extent that the terms of the temporary restraining order entered July 3, 1980 and the terms of the preliminary injunction entered September 3, 1980 should be, and the same are hereby, modified (a) to require the payment by defendant Coors to plaintiff ABA of the sum of $77,000.00 per month (pro-rated daily if appropriate) and (b) to require that plaintiff ABA post security in an additional sum of $250,000.00 (to be added to the $200,000.00 security presently posted) for the payment of such costs and damages as may be incurred or suffered by defendant Coors if it is found to have been wrongfully restrained or enjoined, pending a final decision on the merits of the case or until further order of Court. It is further

ORDERED (2) that all other terms of the temporary restraining order of July 3, 1980 and the preliminary injunction of September 3, 1980 shall remain the same. It is further

ORDERED (3) that further certification of the record and the parties' request for a briefing schedule should be and the same is hereby approved. The Clerk is directed, consistent with the Court of Appeals November 7, 1980 order, to transmit this memorandum opinion and the orders entered pursuant thereto, together with additional record certified by the parties, to the Court of Appeals.

## APPENDIX A

### UNITED STATES COURT OF APPEALS
### FOR THE EIGHTH CIRCUIT

Nos. 80–1938 and 80–1974                          September Term, 1980

ABA DISTRIBUTORS, INC.,    )
       )
       )
Appellee,    )
Cross-Appellant,    ) ·
       )   Appeals from the United States
v.       )   District Court for the
       )   Western District of Missouri
ADOLPH COORS COMPANY,    )
       )
Appellant,    )
Cross-Appellee.    )

November 7, 1980.

Appellant Adolph Coors Company, pursuant to Fed.R.App.P. 8(a), moves for a stay pending appeal of that part of the preliminary injunction entered by the United States District Court for the Western District of Missouri on September 3, 1980, requiring appellant to pay $125,000 per month to appellee ABA Distributors, Inc. The motion for a stay pending appeal is denied. The appeal is ordered expedited.

The Court remands to the district court for consideration on the merits that part of the case which deals with appellant's motion to modify the preliminary injunction to either reduce the amount of the monthly payments and/or increase the amount of the security bond. The district court shall consider the merits of appellant's motion to modify provided that appellant complies with the terms of the preliminary injunction up to the time of its notice of appeal. The district court is further directed to promptly act upon the motion to modify and to certify its further record to us for consideration on appeal.

Accordingly, the motion for a stay pending appeal is denied, the appeal from the preliminary injunction is ordered expedited, and the cause is remanded in part with directions.

## APPENDIX B

### ORDER

It having come before the Court upon agreement of the parties at the conclusion of the hearing commenced June 30, 1980, on plaintiff's motion for a preliminary injunction, for good cause shown, including allowing the parties an opportunity to submit proposed findings of fact and conclusions of law and the Court to consider such proposals and the record before ruling plaintiff's motion,

IT IS HEREBY ORDERED as follows:

(1) That the Temporary Restraining Order entered by agreement of the parties March 27, 1980, in the action is hereby extended to and including August 15, 1980, provided, however, both parties are granted leave to file a motion or motions to modify, as of July 1, 1980, any or all terms and conditions of said Temporary Restraining Order at any time on or before August 15, 1980 including any motion by defendant to modify said Order based on an examination of the books and records of plaintiff with respect to its expenses.

(2) Plaintiff, its officers, employees, and agents, shall allow defendant, its employees, and agents, access to all books and records of plaintiff at and for such time or times as defendant may request, upon twenty-four hours notice, for the purposes

APPENDIX B—Continued

of auditing or examining such books, records, and documents as defendant designates.

(3) If the parties agree to consolidate plaintiff's motion for preliminary injunctive relief with plaintiff's prayer for permanent injunctive relief they shall so indicate to the Court prior to August 1, 1980 and, if an additional hearing is necessary for such purpose, request such hearing be held during the week of August 4, 1980 or the week of August 11, 1980 on plaintiff's prayer for permanent injunctive relief.

(4) The court reporter shall prepare a transcript of the proceedings with respect to plaintiff's motion for a preliminary injunction and deliver said transcript to the parties on or before July 21, 1980.

(5) If the parties elect to proceed only with respect to plaintiff's motion for a preliminary injunction, proposed findings of fact and conclusions of law shall be submitted to this Court on or before August 4, 1980.

(6) If the parties agree to consolidate plaintiff's motion for a preliminary injunction with plaintiff's prayer for permanent injunctive relief, they shall comply with Standard Pretrial Order No. 4 and file the required pleadings one day prior to the hearing requested as provided in paragraph (3).

(7) Neither this Order nor the agreement of the parties to its form or substance are a waiver of any position or contention of any party and shall not prejudice in any way any claim of defendant for costs or damages against plaintiff, including any such claim with respect to security posted or to be posted by plaintiff in connection with the Temporary Restraining Order of March 27, 1980, as herein modified.

APPENDIX C

UNITED STATES COURT OF APPEALS
EIGHTH CIRCUIT

MYRON H. BRIGHT
UNITED STATES CIRCUIT JUDGE
P. O. BOX 2707
FARGO, N. D. 58102

December 11, 1980

The Hon. John W. Oliver
Chief Judge
United States District Court
404 U.S. Courthouse
811 Grand Avenue
Kansas City, Missouri   64106

Re: Nos. 80–1938, 80–1974.   ABA Distributors, Inc. v. Adolph Coors Co.

Dear Judge Oliver:

Judge Lay and Judge McMillian have asked that I respond informally to your letter of December 8.

Our order directed the district court to consider the merits of appellant's motion for modification when and if Coors makes up its delinquencies in payments up to, but not extending beyond, the time that the district court lost jurisdiction over the case by the filing of the notice of appeal by Coors.

Sincerely,

Myron H. Bright

cc: Chief Judge Lay
    Judge McMillian